Duke *v.* Mitchell.*

(Division B. May 6, 1929.)

[122 So. 189. No. 27903.]

*Corpus Juris-Cyc References: Motor Vehicles, 42CJ, section 734, p. 1007, n. 22; Negligence, 45CJ, section 59, p. 690, n. 22; Sunday, 37Cyc, p. 555, n. 65.

*Paine & Paine,* for appellant.

*Leftwich & Tubb,* for appellee.

Argued orally by *Thos. Fite Paine,* for appellant, and *C. L. Tubb,* for appellee.

ETHRIDGE, P. J. The appellant, plaintiff in the court below, brought suit for a personal injury caused by a collision between the automobile in which he was riding and a wrecker car, owned and operated by the appellee, defendant in the court below.

The record shows that late in the afternoon of December 11, 1927, a merchant at Aberdeen had run a seven-passenger sedan into a ditch on the Aberdeen and Amory public road about three miles out of Aberdeen. The defendant, Mitchell, operates a filling station in Aberdeen, and also a garage and wrecker, used for the purpose of getting cars out of ditches and pulling them into the garage for repairs.

On the said afternoon the defendant took his wrecker to the point where the car was in the ditch for the purpose of pulling it out. This operation consumed several hours, during which time the wrecking machine was across the highway; the front wheels being at the edge of the ditch in which was the car, the rear end on the opposite side of the road. There is some dispute as to the distance between the wrecker and the opposite ditch, the evidence introduced by plaintiff tending to show that there was insufficient room to allow a car to pass; while that of the defendant tended to show that a car could pass if it slowed down and was driven with care.

The plaintiff was in a car owned by his father, which was being operated at the time of the injury by a companion. In the car were the plaintiff, the driver and a young lady. The car approached the wrecker from the direction of Amory, and, according to the plaintiff's evidence, was under control and being operated at a reasonable rate of speed—about twenty to twenty-five miles an hour. Before reaching the point where the wrecker was at work, there was a curve in the highway, a short distance away. There was some dispute in the evidence as to how far the curve was from the wrecker; some of the testimony tending to show that it was only about forty feet, and some that it was considerably further.

As the plaintiff approached the wrecker, the "spotlight," as it is called, upon the wrecker, cast a brilliant light for a considerable distance. There were also two other lights upon the wrecking machine, and, according to the defendant's evidence, the car in the ditch had its light burning, and this could be seen.

Plaintiff's testimony tended to show that no signals were given as to the presence of the wrecker with the exception of the spotlight, and the occupants of his car took the spotlight to be another automobile with only one light burning, approaching from the opposite direction; that they were blinded by the spotlight, and could

not see the wrecker until they were within about twenty feet of it, when they put on brakes, and tried to stop, but were unable to do so, and collided with the wrecking machine.

According to defendant's evidence, the car in which the plaintiff was riding was approaching at a high rate of speed, estimated by some witnesses at forty-five miles an hour, and there was no cutting off of the power of the car until it was within a few feet of the wrecker. The defendant's evidence also tended to show that two persons stood in the highway, or by it, with flashlights in their hands, which they waved to and fro to attract the attention of passing cars, and that, when the cars collided, the engine of plaintiff's car was still operating, and the water in the radiator was boiling.

The jury, upon this evidence, returned a verdict for the defendant, and judgment was entered thereon that the plaintiff have nothing by his suit, from which judgment this appeal is prosecuted.

A number of questions are argued, but we do not consider it necessary to discuss all of them. Instructions given for the defendant state the rule with reference to the degree of care to be used by the defendant under the circumstances, in obstructing the road and operating the wrecker, to be that of reasonable care. Plaintiff insists that this is wrong, and that the defendant in obstructing the highway was required to use the highest degree of care.

We think the rule of reasonable care is the correct rule applicable to the situation. It is necessary for the public to have the aid of a wrecker in a situation such as the one presented here. The person operating the wrecker must use that degree of care that a reasonable, prudent man would use, having in view the facts as they exist in each particular situation.

The court also instructs for the defendant that he had a right to use the wrecking machine at the time and

place indicated, for the purpose for which it was being used, and was entitled to obstruct the highway, either partially or totally, as the situation might demand.

It was argued that, since this occurred on Sunday night, it was unlawful for the defendant to be engaged in this work as a business or for hire. Instructions for the defendant foreclosed this theory of the plaintiff, if it be sound. We think that the operation of a wrecker service, applied to conditions as they exist in this day and time, is a work of necessity, and does not come within the prohibition of the Sunday laws (1 Hemingway's Code 1927, section 1157), and is not illegal. On the contrary, it is a necessary and highly beneficial service to the public. It would be extremely unfortunate not to have such aid in many cases; and it certainly would be dangerous to property left unprotected upon the public highway.

We think from the facts disclosed by the defendant's evidence, taking these facts to be true, as found by the jury, that there was no lack of reasonable care on his part, and that the injury was occasioned by the reckless and negligent operation of the car in which plaintiff was riding, and which was being used for his benefit and pleasure. Consequently the judgment of the court below must be affirmed.

*Affirmed.*