FARMERS' STATE BANK, et al, Appellants, v. YOUNGERS, et al, Respondents.

(227 N. W. 371.)

(File No. 6229. Opinion filed November 8, 1929.)

*Bogue & Bogue,* of Parker, and *Roy E. Willy,* of Sioux Falls, for Appellants.

*Boyce, Warren & Fairbank,* of Sioux Falls, and *A. B. Carlson,* of Canton, for Respondents.

BROWN, J.   On February 13, 1924, Farmers' State Bank of Parker was taken over by the superintendent of banks as insolvent, and this action was later commenced by the superintendent to recover from defendants on account of their liability as officers and directors, for making excessive loans.   The facts were stipulated and in substance show that defendants made excessive loans to a number of persons, the excess aggregating in all the sum of $14,817, but the notes taken to evidence such loans were not paid at maturity and were renewed from time to time, and unpaid interest included in the renewal notes, so that at the time of the suspension of the bank these renewals showed on their face, including all such interest, a total excessive amount of $41,666.73.   The court gave judgment for plaintiffs for $14,317, being the $14,817 face of the notes, less $500, which both parties agreed should be deducted therefrom.   Plaintiffs appealed from the judgment on the ground of inadequate relief, and the sole question before the court is whether defendants are liable for the amount of interest included in the renewal notes.

Rev. Code 1919, § 8990, imposing liability, provides: "Every officer and director of any bank shall be held personally liable for all excessive loans made by his bank, in such amount as such loan may be in excess of the amount limited by law. * * *"

It is argued by appellants that there are two methods by which interest is ordinarily collected from a borrower—by one method he pays the money, and by the other he pays by securing a further extension of credit from the bank—that by the latter method the bank takes a new note which includes the past-due interest, as well as the principal of the old note, and credits to its profit account the amount of such interest, and from this profit pays expenses of operation and declares dividends.   The fact that a bank calls interest which it never collects "profit" and declares dividends on such imaginary profit cannot, in our opinion, make such "profit" money which it has loaned when it takes the renewal note.   Rev. Code 1919, § 1034, defines a loan of money as a contract by which one delivers a sum of money to another, who agrees at a future time to return an equivalent sum.   Not only by statute, but by common usage, the word "loan" signifies a parting with the thing loaned by the lender and its acquisition by the borrower.   When a borrower of money is unable to pay either principal or interest when

it falls due, and gives a renewal note, including both principal and interest, the bank parts with no money not already parted with, and the borrower acquires no money he had not already obtained.

We think it is plain that in such a case the bank did not make a new loan of the amount of principal and interest included in the renewal note, but that in fact it made no loan at all at the time of taking the renewal note, and we therefore conclude that the trial court was right in refusing to hold that the amount of delinquent interest included in the several renewal notes constituted a loan, within the meaning of Rev. Code 1919, § 8990, and the judgment and order appealed from are affirmed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BURCH, JJ., concur.