STATE v. LOVE.

(Division A. Oct. 9, 1933.)

[150 So. 196. No. 30831.]

**W. D. Conn, Jr.**, Assistant Attorney-General, for the
state.

668

Flowers, Brown & Hester and Chalmers Potter, all of Jackson, Ray & Spivey, of Canton, and D. E. Crawley, of Kosciusko, for appellee.

Argued orally by **Clyde Hester** and **Chalmers Potter**, for appellee, and by **W. D. Conn, Jr.**, for the state.

**McGowen, J.,** delivered the opinion of the court.

On the 29th day of June, 1933, the grand jury of Madison county returned an indictment against J. S. Love, which, in effect, charged that he willfully and unlawfully effected a loan as superintendent of the state banks, in the sum of four hundred dollars, in the name of J. S. Love, Jr., from the Canton Exchange Bank, a state bank chartered under the laws of the state of Mississippi. Upon a trial of the case, the court below ruled, as a matter of law, that the prosecution was barred by the statute of limitations as set forth in section 1194, Code 1930, and entered a judgment of acquittal of the appellee, from which judgment the state appeals.

There is no conflict in the evidence, and viewing the case most strongly for the state, it appears that on July 11, 1930, J. S. Love, Jr., the son of the superintendent of banks, the appellee herein, was loaned five hundred dollars by the Canton Exchange Bank; that subsequent thereto there were renewals of the original note at the solicitation of the appellee, with payment of interest and sometimes partial payments of the principal. There was never any new consideration or new money advanced to J. S. Love, Jr., subsequent to the date of the original transaction. There is no question but that the original loan was effected more than two years next preceding the finding of the indictment herein.

It is conceded by the state that if the crime is confined to the proof as to the date of the original loan, the prosecution is barred. The contention of the state here is twofold: First, that the crime denounced by the statute is a continuing one; and, second, that each renewal constituted a separate, distinct, and independent offense against the statute.

Section 3812, Code 1930, prohibits an officer or employee of the banking department from borrowing or affecting any loan from a state bank in this language: "No

officer or employee of the banking department shall be permitted to borrow money or effect any loan, directly or indirectly, of any state bank." The other language applicable in this section is: "Any officer or employee of the banking department who borrows any money or effects any loan in violation of this section shall, on conviction for each offense, be fined not more than five thousand dollars."

The first proposition, that effecting a loan is a continuing crime so long as the loan remains due and unpaid, cannot be deduced from the language of the statute. The statute itself indicates that there must be separate, independent offenses, because it provides a punishment for each offense. We think it quite clear that the offense denounced by the statute is consummated when an officer or employee of the banking department of this state effects a loan from a state bank; and if a crime was committed at all on July 11, 1930, a separate, independent act rendered the transaction a completed offense. It is not like unto barricading a road, or a conspiracy, which continues as a status denounced by the language of the statute, and the crime continues so long as the status exist between an officer or employee of the banking denounces an act, not a status. The legislature could have said that the relation of debtor and creditor should not exist between an officer or employee of the banking department and a state bank; but it did not say so. The offense is to "borrow money" or "effect a loan." Criminal and penal statutes are construed strictly and literally. The words of this statute are plain, clear, and unequivocal, and exclude the idea that to borrow money or effect a loan is a continuing status. It would be a completed crime if said officer or employee borrowed money from a state bank at twelve o'clock noon and repaid it at two P. M. of the same day, for which offense he could be prosecuted and convicted. This is especially true when we remember that the duty does not devolve upon the

courts to declare what actions of the citizen of the state shall constitute crime; that is peculiarly the province of the legislature. The statute here must be construed strictly and literally so as not to embrace cases not within its scope. Foote, Governor, v. Vanzandt, 34 Miss. 41; Stewart v. State, 95 Miss. 627, 49 So. 615; State v. Traylor, 100 Miss. 544, 56 So. 521; Ricks v. State, 146 Miss. 659, 111 So. 752.

2. Did the renewal of the original note without new consideration or the lending of new money constitute an offense within the meaning of the statute?

It is perhaps true that the legislature intended by this statute to prevent the borrower, the officer or employee of the banking department, from becoming a servant of the lender, the state bank. To "effect a loan" in the sense here means to bring about a loan, to accomplish a loan, to fulfill the loan, to produce or make the loan. It means a result—a consequence, the bringing into operation of a loan. It is generally understood that once a loan is effected, if the debtor secures a renewal thereof without new or additional consideration he has simply continued his debt or postponed payment thereof to a later date. Judge CARDOZO, in the case of Utica City National Bank v. Gunn, 222 N. Y. 204, 118 N. E. 607, 608, said: "But loans and discounts in their proper legal meaning do not include renewals. A renewal is not a loan. It is an extension of the time of payment." Also to the same effect, see Ketchum v. City of Buffalo, 21 Barb. (N. Y.) 294. As analogous and persuasive also, we cite, on the proposition that in the strict sense a renewal is not a loan, Farmers' State Bank v. Youngers, 56 S. D. 7, 227 N. W. 371; State of Kansas v. Tower, 122 Kan. 165, 251 P. 401, 52 A. L. R. 1160; Adler v. U. S. (C. C. A.), 182 F. 464. Also compare the case of Hughes v. Reed (C. C. A.), 46 F. (2d) 435, 441, in which this language occurs: "The statute of limitations commenced to run when the bank parted with the money loaned."

The writer of this opinion never once dreamed that when he obtained from his creditor a renewal of his note, he thereby effected a loan.

With these observations, applying the rule that penal statutes must be strictly construed, and that the courts can neither add to nor take from them, the procurement of the renewal of an existing debt is not a loan. The loan is traced back to the original transaction when first initiated. The legislature could easily have made it a crime for the parties herein referred to, to create between them willfully the status of debtor and creditor, or it might have denounced the effecting of a loan or a renewal thereof. But it did not do so. There is nothing in the context by which we could safely extend or expand the statute. The legislature thought, perhaps, that the imposition of a heavy fine for the completed offense would be sufficient to remedy the evil sought to be prohibited. The loan, if effected in this case by the superintendent of banks, was barred by the statute of limitations; and the court below so held, and its action in this behalf is approved by this court.