## HARRIS v. STATE.

(Division A.   May 31, 1937.)

[175 So. 342.   No. 32692.]

Aubrey B. Fulton, of Jackson, for appellant.

**Wm. H. Maynard,** Assistant Attorney-General, for the state.

42

**McGowen, J.**, delivered the opinion of the court.

Appellant, Harris, was indicted and convicted in the circuit court of Hinds county for willfully, unlawfully, knowingly, and feloniously possessing a certain narcotic drug, to wit, Cannabis, commonly called marijuana. He was sentenced to serve a term of three years in the state penitentiary and appeals here.

Acting under a search warrant, two police officers of the city of Jackson found a plant growing in Harris' backyard about 50 feet from the doorsteps of the house. One of the officers at the time of the discovery identified the plant as marijuana, and pulled it up and carried it to police headquarters. On the trial this plant was identified by the police officer and by an expert from the Federal Bureau of Investigation, who had examined and tested it, as Cannabis or marijuana. The expert testified that in its natural state, after being dried, the leaves of the plant could be smoked, and that it had a narcotic effect without the addition of any chemicals or without any special preparation. The evidence tended to show that the appellant was solicitous and careful of this plant and did not want it destroyed or cut down, and that on one occasion he and a Mexican had taken leaves from it and carried them away; on another occasion he and the Mexican took some leaves from the plant, dried them on an electric toaster, and the appellant made cigarettes therefrom and smoked them. When appellant was arrested, he was asked by the officer if he knew what the plant was, and he replied: "Sure, I knew what it was." On the trial appellant and his mother denied

all knowledge or interest in the particular plant. At the time the plant was discovered it was green and growing, about 7 feet high, and had seed pods or blooms on it.

Appellant contends that (1) the court below erred in not granting him a peremptory instruction, to which he was entitled because the controlling statute, sections 2 and 3 of chapter 289, Laws 1936, does not denounce as a crime the possession of the green, growing Cannabis or marijuana plant; (2) that the court erred in modifying one of appellant's instructions in such manner that appellant declined to use it.

We think the court committed no error in refusing to grant a peremptory instruction in this case, and that the jury was warranted, on the facts, in finding a verdict of guilty. Section 3 of said statute is as follows: "It shall be unlawful for any person to manufacture, possess, have under his or her control, sell, prescribe, administer, dispense, or compound any narcotic drug except as authorized in this act." Subsection (14) of section 2 of said chapter is as follows: "'Narcotic drugs' means coca leaves, opium, cannabis, and every substance neither chemically nor physically distinguishable from them." Subsection (13) of the same section provides: "'Cannabis' includes the following substances under whatever names they may be designated (a) the dried flowering of fruiting tops of the pistillate plant Cannabis Sativa L., from which the resin has not been extracted, (b) the resin extracted from such tops, and (c) every compound, manufacture, salt, derivative, mixture, or preparation of, such resin, or of such tops from which the resin has not been extracted."

Appellant's precise contention here is that the word "Cannabis" as used in subsection (13), supra, must be limited to the substances set out in that sentence, and Cannabis in any other form must be excluded, therefore the growing plant was not included. The first sentence of section 2 is as follows: "The following words and phrases, as used in this act, shall have the follow-

ing meanings, unless the context otherwise requires;'' then follows various definitions, such as: ''(1) 'Person' includes . . . (2) 'Physician' means . . . (3) 'Dentist' means . . . (4) 'Veterinarian' means . . . (5) 'Manufacturer' means . . . (6) 'Wholesaler' means . . . (7) 'Apothecary' means . . . (8) 'Hospital' means . . . (9) 'Laboratory' means . . .'' Then subsection (10) is as follows: '' 'Sales' includes barter, exchange, or gift, or offer therefor, and each such transaction made by any person, whether as principal, proprietor, agent, servant, or employee.'' Subsection (11) states that '' 'Coca leaves' includes cocaine and any compound,'' etc. Subsection (12) begins with '' 'Opium' includes morphine,'' etc.

Webster's New International Dictionary defines the word ''Cannabis'' as: ''A genus of herbs, the type of the family Cannabinaceae, having as the only known species C. sativa, the hemp. The plant is a native of Asia.''

Section 1352, Herzog's Medical Jurisprudence, defines Cannabis Indica (Indian hemp, hashish) as the dried, flowering tops of cannabis sativa.

Section 4 of the statute here under consideration permits, under certain conditions, a license to be granted by the State Board of Pharmacy to certain persons to manufacture, compound, mix, cultivate, grow, or by any other process produce or prepare narcotic drugs, and prohibits all others from so doing.

We are of the opinion that the ingenious argument as to the meaning of subsection (13), section 2, in connection with the context of the act, is unsound and cannot be adopted by this court without doing violence to the entire act. Appellant's argument is that the Legislature intended to make only the possession of the ''dried flowering or fruiting tops'' a crime, and not the possession of the green, growing plant. Section 3 of the statute denounces as a crime the possession of any narcotic drug as defined in subsection (14), section 2, and

if the Legislature had used any word in subsection (13) section 2, indicating the slightest limitation on the word "Cannabis," then the argument of appellant would be sound. By the use of the word "includes" the Legislature clearly indicated that it did not intend subsection (13) as an entire definition, but only as an addition or extension of the word "cannabis." It will be noted that subsections 2 to 9, inclusive, use the word "means," and subsections 1, 10, 11, 12, and 13, section 2, substitute the word "includes" therefor, thereby destroying any effort to limit or restrict the broad language read into section 3 and subsection (14), section 2, of the act. "Cannabis" as used in subsection (13), section 2, refers to the plant—the growing plant—as well as to that which follows. The Legislature intended to denounce as a crime the possession of it in any form, and we think that meaning is clear. The precaution exercised by the Legislature shows clearly that it did not intend to use the word "means" synonymously with the word "includes," and we think the Legislature carefully made that distinction.

In construing this statute, we are admonished and have clearly in mind that penal statutes must be strictly construed, and that the court can neither add to nor take from them, and we cannot by judicial construction, or considerations of expediency, supply what is palpably omitted from a statute. State v. Traylor, 100 Miss. 544, 56 So. 521, Monaghan v. State, 66 Miss. 513, 6 So. 241, 4 L. R. A. 800, and State v. Love, 170 Miss. 666, 150 So. 196.

To illustrate that the word "includes" cannot be given the restricted meaning contended for by appellant: Section 3 makes it unlawful to sell a narcotic drug, then subsection (10), section 2, defines sales as including "barter, exchange, or gift." Every one knows that a gift is not ordinarily considered as a sale; neither is barter, in the usual sense, considered as having the same meaning as sale. But, in our opinion, the Leg-

islature here declared that a gift was a sale within the meaning of this act. The same illustration may be drawn from subsection (12), section 2, as to opium— it includes opium as especially named in subsection (14), section 2, together with the other substances therein described.

The argument of appellant that the doctrine of the inclusion of the one excludes the other cannot be appealed to here. We are, therefore, of the opinion that the possession of the plant Cannabis, or marijuana, was a violation of this statute, for which the possessor could be indicted and punished. We are not dealing here with what might occur if one similarly situated had been indicted for the growing of the plant, appellant was indicted for the possession of the plant.

As to the instruction, we think the court might have refused it because technically it undertook to reduce the age-old phrase "reasonable doubt" to uncertainty and mere doubt. The modification of the court merely took from the instruction any effort to have the court charge upon the weight of the evidence unduly pointed out. The fact is, the instruction as modified by the court was a stronger one for the appellant than the one requested, therefore, the modification by the court cannot be said to have in any wise prejudiced the appellant.

We think there is no reversible error in this case.
Affirmed.