## CAREY–REED CO. v. CARNEY.

No. 9428.

Circuit Court of Appeals, Fifth Circuit.

Jan. 15, 1941.

---

* Digest supplied.

Fred H. Montgomery, of Clarksdale, Miss., and Dugas Shands, of Cleveland, · Miss., for appellant.

J. J. Breland, of Sumner, Miss., and Stovall Lowrey, of Clarksdale, Miss., for appellee.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

On the night of December 13, 1937, between eleven and twelve o'clock, J. D. Shaver, Jr., an employee of Carey-Reed Company, was driving an automobile along a public gravel highway south of Clarksdale, Mississippi. The night was cold, dark, and misty. Shaver was traveling west at a speed of thirty or thirty-five miles per hour along a section of the road flanked by cotton and corn fields when he saw a man walking along the road near its south edge. The man began to walk diagonally across the road into the path of the car and motioned to Shaver to stop. Shaver testified that the man was waving a club or stick in his right hand as he walked across the road and into the path of his automobile. Shaver sounded his horn and reduced his speed, and as he came nearer to the man he pulled further to the right side of the road in an attempt to pass around him. The man kept walking to the right and Shaver ran his car into the ditch on the right side of the road. About the time the car ran into the ditch the left side or fender of the car struck the stranger. Shaver stopped the car immediately and within a few feet. He picked up the injured man and drove back to the hospital in Clarksdale. After placing the man in the Clarksdale hospital Shaver gave notice to the proper authorities who made no charges against him. The injured man, identified as Otis L. Jackson, died two days later as the result of his injuries.

Jackson's personal representative brought suit for damages against the Carey-Reed Company. The case was tried without a jury and the court found that both Shaver and Jackson were guilty of negligence and that the proportion of negligence attributable to each of the parties was seventy per cent to Jackson and thirty per cent to Shaver. On this basis, applying the doctrine of comparative negligence which prevails in Mississippi, the court entered judgment for $3,000 in favor of Jackson's personal representative. Carey-Reed Company appealed.

The only question involved in this appeal is whether Shaver was guilty of negligence which caused or contributed to the injury and death of Jackson.

The court below found that Shaver had his car under proper control; that he could have stopped the car and avoided the accident; and that he did not use that degree of care and caution which an ordinarily prudent man would have used.

The record shows that Shaver was using the highway in a lawful manner and that Jackson was using the highway in a most unusual manner, and that just prior to the accident he had tried to stop another car. His unusual actions and conduct were not only negligent but also very suspicious.

The appellee contends that Jackson was drunk and that Shaver was under a duty to exercise the same degree of care in approaching and attempting to pass him that a person is bound to use in approaching and passing a child or other helpless person. There is nothing in the record to show that Shaver knew or ought to have known that Jackson was drunk or incapacitated. His alleged intoxication can, therefore, have no bearing upon this case.

Shaver, at most, owed to Jackson the duty to exercise reasonable care not to injure him; that is, Shaver should have used that degree of care which a reasonably prudent man would use under the same or similar circumstances. Duke v. Mitchell, 153 Miss. 880, 122 So. 189.

The record clearly shows that Shaver was traveling at a moderate rate of speed when he first saw Jackson; that he sounded his horn and reduced his speed; that he tried to go around Jackson and that in attempting to do so he ran his car off the road and into the ditch. To avoid the collision Shaver did everything but stop the car. Would a reasonably prudent man so situated do more? Would a reasonably prudent man traveling unarmed along a lonely country road at midnight stop his car for a stranger who was trying to halt

him by walking into the path of his car waving a club or stick? We think not. The plaintiff's own witness, Jeffreys, testified that just before the accident Jackson had tried to stop him and that he drove around him and that "I consider myself very fortunate that I didn't hit him." We think that no reasonably prudent man situated as was Shaver would have stopped for Jackson or done more to avoid the accident.

The defendant's employee was in no wise negligent. Jackson's acts were the sole proximate cause of his injury and death. The court erred in applying the comparative negligence doctrine and awarding judgment for the plaintiff.

The judgment is reversed.