ASHE, et al. *v.* HUGHES, et al.

Jan. 4, 1954

No. 39028 47 Adv. S. 1 69 So. 2d 210

*Lumpkin & Holland,* Tupelo, for appellants.

*Barrett & Long,* Tupelo, for appellees.

LOTTERHOS, J.

Appellees brought suit for damages for the destruction of their automobile in a highway wreck, and obtained a verdict for $300, from which an appeal is taken. The sole assignment of error involves an instruction given the plaintiffs.

On the night of August 5, 1952, a wrecker owned by appellants, and then operated by their employee, was engaged in rescuing a wrecked Chevrolet car which had run off the paved highway, about two miles north of Okolona, and several miles south of Tupelo. At about nine-thirty the car had been pulled up on the highway, facing north on the east half of the pavement. The wrecker was placed immediately in front of the Chevrolet, and the operator of the wrecker was in process of lifting the front end of the disabled car, preparatory to towing it to Tupelo. At that time Paul K. Hughes, one of the appellees, approached the scene in appellees'

Ford car, driving north from Okolona. Three other persons were in the car with him. The Ford car crashed into the rear end of the disabled Chevrolet, and as a result the Ford automobile was demolished, and other damage was done.

There was conflicting testimony with respect to the presence or absence of lights on the wrecker, the nature of such lights, the speed of appellees' Ford, and other factors bearing on the cause of the accident. But it was admitted that, although the wrecker was equipped with flares, they were not lighted and set out on the highway on that occasion.

Section 8256, Code of 1942 (as amended by Sec. 11, Chap. 420, Laws of 1946) provides that no person shall operate any truck or bus on any highway outside a municipality or adjacent residential section at night unless there be carried in the vehicle, ready for use, flares, and certain other safety appliances; and further provides that ''whenever any motor truck or bus or its lighting equipment is disabled during the period when lighted lamps must be displayed on vehicles and such motor truck or bus cannot immediately be removed from the main traveled portion of a highway outside of a business or residence district, the driver or other person in charge of such vehicle shall cause such flares, fusees, or other signals to be lighted and placed upon the highway,'' one a hundred feet to the rear, one a hundred feet in front, and one beside the vehicle.

Seeking to apply this statute to the present case, the plaintiffs obtained the following instruction:

''The court instructs the jury for the plaintiffs that the law of the State of Mississippi required the operator of the Ashe wrecker to display flares or fusees; one at a distance of approximately one hundred feet to the rear of the wrecker, one approximately one hundred feet in advance of the wrecker and a third upon the roadway side of the wrecker. If you believe from a preponderance of the evidence that the failure on the part of the

operator of the Ashe wrecker to display flares or fusees in this manner was a proximate cause of the collision, then you will return a verdict for the plaintiffs.''

We have concluded that the statute does not apply to a wrecker which is engaged in its normal use on the highway, and is in no sense ''disabled.'' The statute must be construed and enforced as written.

In coming to this decision we do not hold that a wrecker is not a truck within the terms of the statute. Although we find no statutory definition of a truck, and although there is some authority from other states to the contrary, we are of the' opinion that a wrecker is within the meaning of the term ''truck'' as used in this statute. We are supported in this view by Pollard v. Stansell, 169 Miss. 136, 152 So. 646, wherein a Ford coupé, equipped with a pick-up body and capable of carrying a half-ton of freight, was held to be a ''truck'' within a statute imposing a speed limit on trucks. The Court declined to apply a statutory definition contained in a statute providing for privilege taxes on motor vehicles.

The reason that we are of the opinion that the quoted instruction should not have been given is that the Ashe wrecker was *not disabled.* It was in operation according to its intended purpose and use. This Court has held in Duke v. Mitchell, 153 Miss. 880, 122 So. 189, very much like the present case, but decided prior to the enactment of Section 8256, that the rule of reasonable care is applicable to a wrecker engaged in rescue operations on the highway, and commented that ''it is necessary for the public to have the aid of a wrecker in a situation such as the one presented here.'' The Court also approved an instruction that the operator ''had a right to use the wrecking machine at the time and place indicated, for the purpose for which it was being used, and was entitled to obstruct the highway, either partially or totally, as the situation might demand.''

The statute under consideration does not require every truck or bus which stops and obstructs the highway to place flares; but states that when any truck or bus or its lighting equipment *"is disabled"* and "cannot immediately be removed from the main traveled portion" the flares shall be set out. This is a criminal statute and should be strictly construed. State v. Love, 170 Miss. 666, 150 So. 196. The legislature could have required that a wrecker engaged in its work at night in such manner as to obstruct the highway should place flares just as if it were disabled on the highway. But it has not done so. The law-making body has left the wrecker subject only to other applicable statutes with respect to lights on motor vehicles, and to its common law duty of exercising reasonable care.

Our holding in this case is in accord with the views of the courts of other states with similar "flare" statutes. See, for example, Brittain v. Wichita Forwarding Co., (Kan.) 211 Pac. 2d 77, and Emery v. Asher, (Md.) 75 Atl. 2d 333. We do not consider Planters Wholesale Grocery v. Kincade, 210 Miss. 712, 50 So. 2d 578, as in conflict. An instruction under Section 8256 was approved in that case, but the defendant's truck was in effect disabled, because it had three flat tires and was pulled onto the paved portion of the highway for the purpose of removing them. Although the Court said, in discussing a different statute, "that this truck was not disabled so that it was impossible to move it," we think it was disabled within Section 8256. The opinion did not involve the precise point now before the Court.

What we have said in this opinion is not to be construed as denying the plaintiffs the right to submit to the jury, under proper instructions, the question whether the failure to use flares, under the circumstances of this case, was common-law negligence. We are holding

only that it was error to give the instruction under Section 8256.

Reversed and remanded.

*McGehee, C. J.,* and *Hall, Kyle* and *Arrington, JJ.,* concur.