# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2014-CT-01170-SCT

*DILLON WILLIAMS a/k/a DILLON D. WILLIAMS*
*a/k/a DILLON DEWAYNE WILLIAMS a/k/a*
*DILLION WILLIAMS a/k/a DILLION DEWAYNE*
*WILLIAMS*

*v.*

*STATE OF MISSISSIPPI*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 07/11/2014 |
| TRIAL JUDGE: | HON. ROBERT WILLIAM ELLIOTT |
| TRIAL COURT ATTORNEYS: | DAVID G. HILL |
| | CHRISTINE B. TATUM |
| COURT FROM WHICH APPEALED: | MARSHALL COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | DAVID G. HILL |
| | TIFFANY LEIGH KILPATRICK |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 05/11/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Dillon Williams pleaded guilty to burglary and aggravated assault, and the Marshall

County Circuit Court sentenced him to twenty years' imprisonment for the aggravated assault

and twenty-five years' imprisonment for the burglary. In addition, pursuant to Mississippi

Code Section 99-19-355, the circuit court applied a twenty-year enhancement to the

aggravated-assault charge because Williams's victim was an elderly woman. Dillon filed a petition for post-conviction relief (PCR) in which he contends that he was deprived of his right to be sentenced by a jury to the twenty-year enhancement. We hold that Williams waived his right to sentencing by a jury when he pleaded guilty. Accordingly, his claims have no merit. We affirm the judgment of the trial court that denied Williams's request for post-conviction relief, and we the affirm the judgment of the Court of Appeals. *See **Williams v. State***, 2016 WL 1117659 (Miss. Ct. App. March 22, 2016).

> **I.**      **Williams's petition has no merit, because he waived his right to a jury at sentencing by knowingly and intelligently entering a plea of guilty.**

¶2.      As noted above, Williams pleaded guilty. In the instant petition for post-conviction relief, he contends that the trial court erred in failing to convene a jury for purposes of sentencing him to the twenty-year enhancement codified in Mississippi Code Section 99-19-355, which provides, in pertinent part:

> (1) Upon conviction or adjudication of guilt of a defendant where notice has been duly given that an enhanced penalty will be sought . . . , the court shall conduct a separate sentencing proceeding to determine the sentence. The proceeding shall be conducted by the trial judge before the trial jury as soon as practicable. . . . If trial by jury has been waived, or if the defendant pleaded guilty, the sentencing proceeding shall be conducted before a jury impaneled for that purpose. If the defendant enters a plea of guilty and waives trial by jury for the sentencing proceeding, the sentencing proceeding shall be conducted before the trial judge sitting without a jury. In the proceeding, evidence may be presented as to any matter that the court deems relevant to sentence. . . .
>
> (2) In order to impose an enhanced penalty under the provisions of Sections 99-19-351 through 99-19-357, the jury must find beyond a reasonable doubt:

(a) That the defendant perceived, knew, or had reasonable grounds to know or perceive that the victim was within the class delineated; and

(b) That the defendant maliciously and with specific intent committed the offense to any victim who is sixty-five (65) years of age or older or who is disabled as described in 42 USCS 12102.

Miss. Code Ann. § 99-19-355 (Rev. 2015). Williams's contention that the trial judge erred in denying him a jury at sentencing is wholly without merit, as he explicitly waived a jury and admitted to the facts necessary to prove the enhancement.

¶3. The grand jury included the Section 99-19-355 enhancement in the indictment against Williams. *See* Miss. Code Ann. § 99-19-351 (Rev. 2015). According to Williams's Plea of Guilty, entered by the trial court on November 10, 2010, Williams pleaded guilty not only to the burglary charge but also to the Section 99-19-355 enhancement. During the plea colloquy, the trial judge said the following:

> Q. . . . If I accept your plea, it's with the understanding that you are telling me that you are guilty under your oath and that gives me the power and the authority to sentence you to the maximum penalty or anything less. Whatever I think you deserve and your crime warrants. . . . Now, before you could be found guilty, the State would have to prove *each and every element of the indictment or the information.* . . . [T]he State has got to prove *what they have got you charged with* by competent relevant evidence and as I said it must be a unanimous verdict before you can be found guilty. . . .

(Emphasis added.) The State charged Williams with the Section 99-19-355 enhancement in the indictment. Therefore, when the trial court warned Williams that the State would have to prove each and every element of the indictment with competent, relevant evidence and obtain a unanimous verdict to succeed, the trial court informed Williams that, absent his plea,

3

the State would have to prove all allegations of the indictment, including the enhancement, to a jury. That Williams knew he acted to waive his right to a jury for purposes of the enhancement is borne out by the following exchange, which took place as the trial judge directly addressed Williams:

> Q. Before you could be found guilty – well, let me back up here, the burglary of a dwelling, home invasion carries with it 25 years and if that penalty is enhanced, of course it could be fifty years and with your aggravated assault it carries with it 20 years and if enhanced it could carry with it 40 years; you understand that?
>
> A. Yes, sir.
>
> Q. Now before you could be found guilty the State would have to prove that Dillon Dwayne [sic] Williams . . . did unlawfully, willfully, feloniously and vigariously [sic] break and enter the dwelling of Pat Crumb [sic] . . . under circumstances likely to terrorize Pat Crumb who occupied said dwelling at the time of the offense and their [sic] situated in the dwelling was [sic] certain goods, wares, chattels or merchandise of personal property for the use of Pat Crumb and you intended to take, steal and carry away some of that personal property, did you do that?
>
> A. Yes, sir.
>
> Q. And it further alleges that you committed the aforesaid offense of burglary, against the victim, Pat Crumb, who was over the age of 65 at the time of the offense and upon conviction, it could be enhanced, do you understand that?
>
> A. Yes, sir.

After making sure Williams understood that he was waiving his right to have the State prove the charges against him to a jury, the trial judge went over the pertinent charges as to which a jury would be so waived, including the enhancement charge.

4

¶4. While the appellant's brief discusses the written plea agreement at some length, it wholly fails to address or even acknowledge the above-quoted exchanges during the plea colloquy, by which the trial judge clearly made Williams aware that he would be waiving a jury as to the enhancement. When a defendant such as Williams enters a knowing and voluntary guilty plea, he "waives certain constitutional rights, among them the privilege against self-incrimination, the right to confront and cross-examine the State's witnesses, the right to a jury trial, and the right to have the State prove each element of the offense beyond a reasonable doubt." *Joiner v. State*, 61 So. 3d 156, 159 (¶ 7) (Miss. 2011). Williams voluntarily and knowingly pleaded guilty. The trial judge informed him of the elements of the crime against him and informed him that, in pleading guilty, he waived the right to have a jury decide the truth of the charges against him – including the enhancement at issue. Accordingly, Williams's basic claim – that the trial court imparted an illegal sentence by failing to empanel a jury for sentencing – has no merit.

## II. The sentence imposed upon Williams is not illegal.

¶5. Williams contends that the sentence imposed upon him is illegal. However, even had Williams not waived his right to sentencing by a jury when he entered his plea of guilty, as the Court of Appeals correctly concluded, the sentence imposed by the circuit court is not illegal. "[A] sentence is not illegal unless it exceeds the maximum statutory penalty for the crime." *Foster v. State*, 148 So. 3d 1012, 1016 (¶ 12) (Miss. 2014) (quoting *Grayer v. State*, 120 So. 3d 964, 969 (¶ 16) (Miss. 2013)). The sentence imparted to Williams in the case *sub judice* does not exceed the statutory maximum and therefore is a legal sentence.

**CONCLUSION**

¶6.     Williams waived his statutory right to have a jury sentence him pursuant to Mississippi Code Section 99-19-355 and, even had he not done so, the sentence imparted upon him is not illegal.  Accordingly, his petition is without merit.  We affirm the judgments of the Marshall County Circuit Court and the Court of Appeals.

¶7.     **AFFIRMED.**

        **DICKINSON AND RANDOLPH, P.JJ., COLEMAN, MAXWELL, BEAM AND CHAMBERLIN, JJ., CONCUR. COLEMAN, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY DICKINSON AND RANDOLPH, P.JJ., AND BEAM, J.; MAXWELL, J., JOINS IN PART. KING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, J.**

        **COLEMAN, JUSTICE, CONCURRING:**

¶8.     I concur with the majority's reasoning and conclusion that no merit can be found in Williams's claim.  I write separately because the Court never has properly addressed the effect of the codification of various bars to post-conviction relief, such as the two at issue today, on the fundamental-rights exception to the procedural bars.  Because the Legislature can only enact substantive law and may not enact procedural law in the form of bars to relief or any other, I would overrule *Rowland v. State*, 42 So. 3d 503 (Miss. 2010), *Rowland v. State*, 98 So. 3d 1032 (Miss. 2012), and any other case in which the Mississippi Supreme Court has held that the courts of Mississippi can apply the judicially crafted fundamental-rights exception to constitutional, substantive enactments of the Legislature.

¶9.     Despite the passage of the Mississippi Uniform Post-Conviction Collateral Relief Act, the Mississippi Supreme Court has continued to apply pre-existing law regarding the

6

inapplicability of certain procedural bars to the substantive law as delineated by the Legislature. Our failure to address head-on the effect of codifying the various bars to post-conviction relief has forced our courts – trial and appellate – to perform feats of jurisprudential contortion, *e.g.*, repeatedly referring to enactments of the Legislature as "procedural" bars. Another example of the self-imposed paradox can be found in the Court of Appeals' opinion, in which the Court of Appeals first had to determine that Williams's petition had no merit before it then wrote that his claim was procedurally barred. ***Williams v. State***, 2016 WL 1117659 (Miss. Ct. App. March 22, 2016).

¶10. The trial court relied on two statutory bars in issuing its denial of Williams's petition: Mississippi Code Section 99-39-23(6), which bars "second or successive" petitions after a first petition is dismissed or denied, and Mississippi Code Section 99-39-21(1), which bars "objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal" except upon a showing of cause and actual prejudice. The State raises the issue and argues on appeal that both sections bar Williams's petition. Both sections became effective in 1984 with the passage of the Mississippi Uniform Post-Conviction Collateral Relief Act. Williams contends that the fundamental-rights exception to the procedural bars applies to his claim to prevent the application of the statutory bars.

¶11. Nine years prior to the passage of the Uniform Post-Conviction Collateral Relief Act, the Mississippi Supreme Court decided ***Newell v. State***, 308 So. 2d 71 (Miss. 1975), in which the Court held that rules of procedure are the sole province of the courts. According to the

7

*Newell* holding, the Legislature has no authority to enact rules of procedure. *Id.* at 78. Here one finds the unspoken and unworkable paradox that plagues our current post-conviction jurisprudence. If the two bars codified in Section 99-39-23(6) and Section 99-39-21(1) truly are procedural, then pursuant to *Newell*, the Legislature has no authority to enact them in a statute and the bars as expressed in the statutes are unconstitutional on their face. If, on the other hand, the two bars in play in the instant case are constitutional, positive expressions of substantive law, then the courts of our state have no business not following and enforcing them. *Little v. Miss. Dep't of Transp.*, 129 So. 3d 132, 138 (¶ 12) (Miss. 2013) ("We—the judicial branch of government—should not place ourselves in the position of changing the substantive law enacted by the Legislature. . . .") (citing *Stockstill v. State*, 854 So. 2d 1017, 1022-23 (¶ 13) (Miss. 2003)). Courts have a "constitutional mandate to faithfully apply the provisions of constitutionally enacted legislation." *Tallahatchie Gen. Hosp. v. Howe*, 49 So. 3d 86, 92 (¶ 17) (Miss. 2010). Although the Uniform Post-Conviction Collateral Relief Act is civil in nature, it is instructive that in *Harris v. State*, 179 Miss. 38, 175 So. 342 (1937), the Court wrote, "[W]e are admonished and have clearly in mind that penal statutes must be strictly construed, and that the court can neither add to nor take from them, and we cannot by judicial construction, or considerations of expediency, supply what is palpably omitted from a statute." *Id.* at 344. I herein take no position as to whether the statutory bars raised by the State and relied upon by the trial judge in the case *sub judice* are substantive or procedural. I do, however, reexamine the effect on the fundamental-rights exception on the procedural bars codified by the Legislature.

¶12.   *Rowland v. State*, 42 So. 3d 503 (Miss. 2010), is often considered to be the seminal

case in which the Court began applying the fundamental-rights exception to the bars enacted

by the Legislature.  The *Rowland I* holding was clarified and narrowed in *Rowland v. State*,

98 So. 3d 1032 (Miss. 2012), or *Rowland II*.  There, the Court wrote, "In addition to the

statutory exceptions afforded by the Act, we have provided that an exception to the

procedural bars exists for errors affecting certain constitutional rights."  *Id.* at 1036 (¶ 6).

It is the exercise of judicial power to apply judicially created bars to legislatively enacted

statutes with which I take issue today.  In *Smith v. State*, 477 So. 2d 191 (Miss. 1985), a case

cited by the *Rowland II* Court, one gets a good view into the state of post-conviction relief

law at the time the Uniform Post-Conviction Collateral Relief Act went into effect.

> This Court has repeatedly and consistently held that "post-conviction relief in Mississippi is not granted upon facts and issues which could or should have been litigated at trial and on appeal." *Smith v. State*, 434 So. 2d 212, 215 (Miss. 1983), and the numerous authorities cited therein.  Post-conviction proceedings are for the purpose of bringing to the trial court's attention facts not known at the time of judgment.  Questions not alleged and raised at trial and/or on direct appeal are procedurally barred and may not be litigated collaterally in a post-conviction environment. *Gilliard v. State*, 446 So. 2d 590 (Miss.1984); *Pruett v. Thigpen*, 444 So. 2d 819 (Miss. 1984); *King v. Thigpen*, 441 So. 2d 1365 (Miss. 1983); *Evans v. State*, 441 So. 2d 520 (Miss.1983); *Smith v. State*, 434 So. 2d 212 (Miss.1983); *Edwards v. Thigpen*, 433 So. 2d 906 (Miss. 1983); *Wheat v. Thigpen*, 431 So. 2d 486 (Miss. 1983); *Callahan v. State*, 419 So. 2d 165 (Miss. 1982).
>
> As the state suggests, it is noted that this issue was not raised on direct appeal, nor does the motion here show such facts as are necessary to demonstrate that this claim is not procedurally barred.
>
> However, this Court has previously held that errors affecting fundamental rights are exceptions to the rule that questions not raised in the trial court cannot be raised for the first time on appeal.  *Read v. State*, 430 So. 2d 832 (Miss. 1983); *Brooks v. State*, 209 Miss. 150, 46 So. 2d 94 (1950).   It is

noted that in the case sub judice that the defense counsel failed to raise the sentence issue on appeal, but that this defendant is raising the issue in his pro se post-conviction motion to correct sentence. This Court recognizes that citizens may not be deprived of constitutional rights without due process of law and that due process requires reasonable advance notice and a meaningful opportunity to be heard. *Read, supra.* An analysis of the indictment in this case, together with the foregoing transcript of the sentencing hearing, clearly show a denial of due process in sentencing. The comparison of a seven year sentence, as opposed to a life sentence, without probation or parole is too significant a deprivation of liberty to be subjected to a procedural bar.

Therefore, this Court is compelled to address this plain error in the sentencing order.

**Smith v. State**, 477 So. 2d 191, 195-196 (Miss. 1985).

¶13. For the purpose of considering the application of the fundamental-rights exception to the procedural bars to the statute of limitations, it is critical to notice what the **Smith** Court did in the above-quoted, admittedly lengthy, section above. In the first paragraph, the Court clearly, unequivocally established that issues "not alleged" at trial are procedurally barred from consideration on direct appeal. In the second, the Court took the direct-appeal procedural bar and applied it to Smith's post-conviction claims. What happened next, in paragraph three, matters. The **Smith** Court took from the procedural and judicially created rule that procedural bars do not apply in the face of fundamental rights raised in the plain-error context and imported the rule to the post-conviction-relief context. In other words, the **Smith** fundamental-rights exception to the procedural bars as applicable to post-conviction relief was taken, at least in part, from the procedural bars created by the Court; the bars in question are procedural and judicially created.

10

¶14. The members of the Legislature take an oath of office, in which they swear to "faithfully support the Constitution of the United States and of the State of Mississippi." Miss. Const. art. 4, § 40. In other words, the judiciary is not the only branch of government that need concern itself with ensuring constitutional rights are protected. Nevertheless, we effectively have found Section 99-39-23(6) and Section 99-39-21(1) unconstitutional without ever giving the State a chance to argue otherwise or requiring that their unconstitutionality be proven beyond a reasonable doubt. *Fulgham v. State*, 47 So. 3d 698, 701 (¶ 8) (Miss. 2010) (citing *Edwards v. State*, 800 So. 2d 454, 460 (Miss. 2001)).

¶15. Because even the Supreme Court of Mississippi cannot lawfully amend or ignore the substantive law enacted by the Legislature, I would overrule *Rowland I*, *Rowland II*, and any other case in which, and to the extent that, we have held that the fundamental-rights exception to the procedural bars can apply to the substantive bars codified by the Legislature in the Uniform Post-Conviction Collateral Relief Act. I acknowledge that other arguments attack the constitutionality of the statutory bars, either as applied to particular cases or on their face, and I have no intent to address their validity one way or the other.

**DICKINSON AND RANDOLPH, P.JJ., AND BEAM, J., JOIN THIS OPINION. MAXWELL, J., JOINS THIS OPINION IN PART.**

**KING, JUSTICE, DISSENTING:**

¶16. Because Williams's sentence enhancement was illegal, I respectfully dissent from the majority's finding that he waived sentencing by a jury and that his sentence was legal.

¶17. Procedural bars to PCR motions are inapplicable when errors affecting fundamental rights exist. *Rowland v. State*, 42 So. 3d 503, 505-06 (Miss. 2010). Even where the court

11

ultimately finds the sentence to be a legal one, an allegation that the petitioner is serving time under an illegal sentence suffices to defeat the procedural bars. *See **Ivy v. State***, 731 So. 2d 601, 603 (Miss. 1999); ***Kennedy v. State***, 626 So. 2d 103, 105 (Miss. 1993) (PCR claims are exempt from procedural bars "where it is clear from the record that the circuit court has exceeded its statutory authority in sentencing and fundamental constitutional rights may be involved"); ***Grubb v. State***, 584 So. 2d 786 (Miss. 1991).

¶18.    Mississippi Code Section 99-19-355 provides the sentencing procedure for the enhancement that Williams received. Miss. Code Ann. § 99-19-355(1) (Rev. 2015). Section 99-19-355 provides that a separate sentencing proceeding, conducted by the trial judge before the trial jury, must be conducted to determine the sentence. *Id.*

> If trial by jury has been waived, or if the defendant pleaded guilty, the sentencing proceeding *shall* be conducted before a jury impaneled for that purpose. If the defendant enters a plea of guilty and *waives* trial by jury *for the sentencing proceeding*, the sentencing proceeding shall be conducted before the trial judge sitting without a jury.

*Id.* (emphases added). The statute requires, in no uncertain terms, that either a jury apply the sentence enhancement or the defendant waive trial by jury for the sentencing proceeding. Clearly, Williams was not sentenced to the enhancement by a jury. Nor did Williams waive the right to a trial by jury for sentencing. The record must illustrate that any waiver was knowing and voluntary. ***Chunn v. State***, 669 So. 2d 29 (Miss. 1996). The record contains no waiver whatsoever of a trial by jury for the sentencing proceeding; indeed, the judge never mentioned to Williams that he would be entitled to a jury for the enhancement sentencing. The plea hearing included Williams and several other criminal defendants unrelated to

Williams's case, who were also pleading guilty to their respective crimes. In the group setting, the circuit court explained that each was waiving his or her right to a trial by jury for their crime or crimes, then asked each individually to confirm that he or she understood that he or she was waiving that right to a trial by jury for their crime or crimes. Williams confirmed that he understood that he was waiving the right to be tried by a jury for the crimes of burglary and aggravated assault. No indication exists that he understood and waived that he would have been allowed a sentencing jury for the sentence enhancement.

¶19.    This Court has held that, where a sentence requires a jury determination, and a judge fixes that sentence without a jury, the sentence is illegal and is plain error. In **Grubb**, the defendant pled guilty under the kidnapping statute. **Grubb**, 584 So. 2d at 789. The statute stated that a person convicted of kidnapping shall "be imprisoned for life . . . if the punishment is so fixed by the jury in its verdict. If the jury fails to agree on fixing the penalty at imprisonment for life, the court shall fix the penalty at not less than one (1) year nor more than thirty (30) years . . . ." **Id.** (quoting Miss. Code Ann. § 97-3-53 (Supp. 1990)). Grubb pled guilty to kidnapping and the trial judge sentenced him to life imprisonment. **Grubb**, 584 So. 2d at 789. The Court found that the trial judge only "had authority to fix the penalty at not less than one year nor more than thirty years in the state penitentiary under the statute." **Id.** The Court found plain error that affected fundamental constitutional rights, since the sentence was not submitted to a jury. **Id.**; *see also* **Luckett v. State**, 582 So. 2d 428 (Miss. 1991), *overruled on other grounds by* **Bester v. State**, 188 So. 3d 526 (Miss. 2016) (where the law at the time was that only a jury could sentence a defendant to life imprisonment for

13

rape, it was a denial of due process in sentencing for the trial judge to sentence the defendant to life imprisonment). Likewise in this case, only a jury had the authority to apply the enhancement in Section 99-19-355; the trial judge had no such authority. The enhancement portion of Williams's sentence is therefore illegal and violates his due process rights in sentencing.

¶20. Because the enhancement portion of Williams's sentence is illegal, I would reverse and remand Williams's twenty year sentence enhancement.

**KITCHENS, J., JOINS THIS OPINION.**