584 So.2d 786 (1991)
Carl David GRUBB
v.
STATE of Mississippi.
No. 90-KP-0148.
Supreme Court of Mississippi.
August 14, 1991.
*787 Carl David Grubb, pro se.
Mike C. Moore, Atty. Gen., Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and PRATHER and BANKS, JJ.
PRATHER, Justice, for the Court:
Carl David Grubb, an inmate presently incarcerated in the Mississippi State Penitentiary, appeals from an order denying as a successive writ his "Petition for Writ of Habeas Corpus, Post-Conviction Relief." The specific target of Grubb's post-conviction motion was a guilty plea to kidnapping entered January 23, 1989, in the Circuit Court of Sunflower County.

I.
The entire procedural history of Grubb's case involves three trial court files and two files within this Court. To understand the entire history, it is necessary that a summary be made of all of these files. In Cause No. 9890 on the criminal docket of the Sunflower Circuit Court, there was filed a bill of information against Carl David Grubb on two charges, sexual battery and kidnapping. There was contained within that file a waiver of Grubb's right to a grand jury indictment. Following that bill of information and waiver, Grubb entered a plea of guilty to both charges on January 23, 1989. For the charge of kidnapping, the judge sentenced Grubb to life in the Mississippi Department of Corrections with parole, and on the sexual battery charge, there has been no sentence entered.[1] In another cause No. 1765, Grubb filed a petition requesting an in forma pauperis appeal on April 27, 1989, in the Circuit Court of Sunflower County, and on May 1, 1989, in Cause No. 1769 [sic], the circuit court denied the appeal.
There then began a number of post-conviction relief filings by Grubb. On June 14, 1989, Grubb filed a motion for withdrawal of his guilty plea which had been entered in Cause No. 9890. This motion was filed on the habeas corpus docket in a new cause number, No. 1808, and treated as a post-conviction relief petition. The allegations of the motion alleged ineffective assistance of counsel, entry of an involuntary plea, criminal conspiracy, and other matters. On that same date, the circuit judge denied relief, making the following recitals: Grubb had a court-appointed attorney, W.S. Stuckey, but later employed his own counsel, Murray Akers. Grubb himself was an educated man with four and one-half years of college, and at the time of entering of the guilty plea, he was advised and helped additionally by his brother, who was a teacher. The record indicates that his father also was present, and the court conducted a lengthy plea hearing. The *788 judge concluded that the sentence was exactly what was represented to Grubb by his attorneys, i.e., that he would be eligible for parole in ten years and would serve no more than fifteen years. As to whether or not a conspiracy existed between the state and his attorneys, the court found said charge to be meritless as there were two additional charges of sexual battery filed against Grubb which were dismissed upon acceptance by the court of his guilty plea to the instant charge. There was no appeal from the court's denial of relief in Cause No. 1808.
In September of 1989, Grubb filed a notice of appeal, and it is not totally clear, but appears that this cause number was filed in still a different number on the circuit court docket, being No. 9890. On the 18th of September, 1989, the trial judge denied what he considered to be a request for out-of-time appeal in Cause No. 9890 for the reason that nine months had lapsed since the guilty plea in Cause No. 9890 and three months after the denial of his post-conviction request filed in Cause No. 1808.
The attempt to appeal to the Mississippi Supreme Court continued when Grubb filed on December 14, 1989, a Petition for Habeas Corpus, and the trial judge dismissed as a successive writ for post-conviction relief. Grubb then immediately gave notice of appeal from the denial of this petition for habeas corpus and requested an appeal in forma pauperis. The trial judge denied the request for appeal in forma pauperis, and an appeal to this Court ensued. On the docket of the Mississippi Supreme Court in Cause No. 90-M-0103, this Court entertained the request for appeal in forma pauperis, and on January 31, 1990, this Court remanded the case to the Sunflower County Circuit Court for determination of Grubb's indigency, with a mandate to allow appeal in forma pauperis if in fact Grubb was found to be indigent. The Circuit Court of Sunflower County did in fact find Grubb to be indigent and granted his appeal from the denial of his petition for habeas corpus on February 5, 1990. This appeal is docketed as Cause No. 90-KP-0148, and is the appeal that is in issue in this case.

II.
Mississippi Code Annotated § 99-39-23(6) (1972), as amended, Post-Conviction Relief Act, states, in its pertinent parts, as follows:
The order as provided in subsection (5) of this section or any order dismissing the prisoner's motion or otherwise denying relief under this chapter is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this chapter.

It appears that Grubb sought to circumvent the effect of the successive motion bar contained in the Mississippi Uniform Post-Conviction Collateral Relief Act by denominating his second pleading as a "Petition for Habeas Corpus Post-Conviction Relief." His rebuttal brief is replete with references to, and reliance upon, the Uniform Criminal Rule of Circuit Court Practice 8.07, which has been effectively supplanted by this Court's acceptance of the post-conviction relief act which became effective on April 17, 1984.
In State v. Read, 544 So.2d 810, 813 (Miss. 1989), this Court stated that "our acceptance of the Post-Conviction Collateral Relief Act effectively supplants the prior statutory and rule versions of the writ of habeas corpus." By reason of Miss. Code Ann. § 99-39-3(1) and § 99-39-5(1)(g) (Supp. 1990), the habeas petition must be treated as a petition for post-conviction relief filed pursuant to the Post-Conviction Relief Act. Harden v. State, 547 So.2d 1150 (Miss. 1989).
The order of June 14, 1989, denying Grubb's first motion to vacate, filed on June 14, 1989, is final and conclusive because it has not been reversed. Grubb freely admits that following the first denial of post-conviction relief, he did not file a notice of appeal until September 18, 1989. Mississippi Supreme Court Rule 3 provides, inter alia, that "an appeal permitted by law as a matter of right from a trial court to this Court shall be taken by filing a notice of appeal with the clerk of the trial *789 court within the time allowed by Rule 4." Mississippi Supreme Court Rule 4 states, in its pertinent part, that "[i]n a civil or criminal case in which an appeal ... is permitted by law as of right from a trial court to this Court the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from." The rule requiring notice of appeal to be filed within 30 days is to be strictly construed. Tandy Electronics, Inc. v. Fletcher, 554 So.2d 308 (Miss. 1989).
Grubb had a fair opportunity to present his post-conviction claim to a state forum and did so in his first motion to vacate filed and denied on June 14, 1989. No appeal was taken from that order until September 18. The order became final. The trial judge correctly denied, as a successive writ, Grubb's second motion for post-conviction relief.

III.
This Court, on occasion when circumstances warranted, has noted the existence of errors in trial proceedings affecting substantial rights of the defendants although they were not brought to the attention of the trial court or of this Court. See Livingston v. State, 525 So.2d 1300 (Miss. 1988); Gallion v. State, 469 So.2d 1247 (Miss. 1985); House v. State, 445 So.2d 815 (Miss. 1984); Rule 28(a)(3), Miss.Sup.Ct.R. (1988) ("[T]he Court may, at its option, notice a plain error not identified or distinctly specified.")
Such a plain error exists in this record and calls into effect Mississippi Rule of Evidence 103(d) which states:
Plain error. Nothing in this rule precludes taking notice of plain errors affecting substantial rights although they were not brought to the attention of the Court.
In this record, Carl David Grubb entered a plea of guilty in the Circuit Court of Sunflower County to kidnapping, and he was sentenced by the trial judge to life imprisonment. However, Mississippi Code Annotated § 97-3-53 (Supp. 1990) provides:
Any person who shall without lawful authority forcibly seize and confine any other person, or shall inveigle or kidnap any other person with intent to cause such person to be secretly confined or imprisoned against his or her will, or shall without lawful authority forcibly seize, inveigle or kidnap any child under the age of ten (10) years and secretly confine such child against the will of the parents or guardian or person having the lawful custody of such child, shall, upon conviction, be imprisoned for life in the state penitentiary if the punishment is so fixed by the jury in its verdict. If the jury fails to agree on fixing the penalty at imprisonment for life the court shall fix the penalty at not less than one (1) year nor more than thirty (30) years in the state penitentiary.
Thus it appears from the code section above quoted that a life sentence imposed upon a criminal defendant may be only imposed within the sole province of a jury. Since Grubb pled guilty to the charge of kidnapping, the issue of his sentence was not submitted to a jury, but rather to the trial judge. Since a defendant convicted under this statute may not be sentenced to life imprisonment unless the jury fixes the penalty at life, this Court notes as plain error the fixing of the penalty of Grubb at life imprisonment in the State Penitentiary by the trial judge. The trial judge had authority to fix the penalty at not less than one year nor more than thirty years in the state penitentiary under the statute. Miss. Code Ann. § 97-3-53 (Supp. 1990).
This Court notes errors affecting fundamental constitutional rights and holds that such is the case in this sentence. For this reason, this Court considers this plain error notwithstanding procedural bars which might otherwise prohibit its consideration. Smith v. State, 477 So.2d 191, 195-96 (Miss. 1985). See also Luckett v. State, 582 So.2d 428, 430 (Miss. 1991).
On March 20, 1991, this Court, acting pursuant to Miss.Sup.Ct.R. 10(e), ordered supplementation of the official record. The supplemental record filed on May 17, 1991, with the Clerk of this Court *790 reflects that during a resentencing hearing conducted on March 25, 1991, the circuit judge resentenced Grubb in Cause No. 9890 "... to serve a term of twenty (20) years in the custody of the Department of Corrections on [the kidnapping] charge."
Unfortunately, Grubb's appeal to this Court had been perfected on February 5, 1990, when the trial court, following remand, entered an order granting an appeal in forma pauperis. "[O]nce a final [judgment] is entered and an appeal is perfected [to the Supreme Court], the trial court no longer has jurisdiction over the cause." Wilcher v. State, 455 So.2d 727, 737 (Miss. 1984). Accordingly, the trial court was without authority to resentence Grubb on March 25, 1991, and its order entering sentence nunc pro tunc to January 23, 1989, is of no binding effect.
For these reasons, the conviction of Carl David Grubb on the charge of kidnapping is affirmed; the sentence of life imprisonment in the Mississippi Department of Corrections is vacated, and the cause is remanded to the Circuit Court of Sunflower County for the sole purpose of resentencing Grubb on his plea of guilty to the charge of kidnapping in accordance with Miss. Code Ann. § 97-3-53 (Supp. 1990), and Rule 6.01 of the Miss.Unif.Crim.R.Cir.Ct. Prac. (1979).
This remand is expressly without prejudice to Grubb's right to seek imposition of the same twenty (20) year sentence imposed by the trial court at his resentencing hearing and without prejudice to the circuit court's right to favorably consider that request, if it so desires.
TRIAL COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED; VACATION OF SENTENCE AND REMAND FOR RESENTENCING NOT INCONSISTENT WITH THIS OPINION.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, PITTMAN and BANKS, JJ., concur.
McRAE, J., concurs in result only.
NOTES
[1] On the sexual battery charge, the Court invites attention to the case of Trotter v. State, 554 So.2d 313, 316 (Miss. 1989).