# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-KP-00687-SCT

*NAPOLEAN BRYANT*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/13/96 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: CHARLES W. MARIS, JR. |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/02/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/23/97 |

**BEFORE SULLIVAN, P.J., ROBERTS AND SMITH, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

This appeal arises from the denial of a motion for post-conviction relief. The motion is procedurally barred and we affirm the trial court's denial of the motion.

Bryant was indicted on February 5, 1993, as a habitual offender for burglary of a dwelling and larceny involving the acquisition of a video cassette recorder valued at $250. The indictment further reflected that Bryant had previously been convicted for felony theft on December 3, 1979, for which he was sentenced to four (4) years in the Illinois Department of Corrections; for felony armed robbery and armed violence on June 25, 1982, for which he was sentenced to thirteen and one half (13 and 1/2) years on each count, running concurrently, in the Illinois Department of Corrections; for violating the Georgia Controlled Substances Act, a felony, on August 14, 1989, for which he was sentenced to three (3) years intensive probation and fined eight hundred dollars ($800); and again in

Georgia for habitual violation, a felony, for which he was sentenced to five (5) years probation, ninety (90) days of which were to be spent in work camp, and fined eight hundred seventy five dollars ($875). Bryant entered into a plea agreement and was sentenced to ten (10) years mandatory imprisonment pursuant to section 99-19-81 of the Mississippi Code, the sentencing statute for habitual criminals. The charging portion of the indictment concluded with the words "against the peace and dignity of the State of Mississippi" as required by article 6, section 169 of the Mississippi Constitution. The portion of the indictment establishing that Bryant was a habitual criminal came after the charging portion and did not conclude with the constitutionally required words "against the peace and dignity of the State of Mississippi."

On January 18, 1996, Bryant filed a Motion To Reform Judgment and Sentence, pursuant to the Post-Conviction Relief Act, section 99-39-1, et seq. Mississippi Code, arguing that the habitual portion of the indictment was fatally flawed in that it did not conclude with the constitutionally mandated clause. Without a hearing, the trial court denied Mr. Bryant's motion in a court order dated February 13, 1996, based on the Mississippi Supreme Court's holding in **Brandau v. State**, 662 So. 2d 1051 (Miss. 1995) (holding that an issue concerning a formal defect in an indictment, which is curable by amendment, is waived if not objected to at the trial level). On May 8, 1996, Bryant filed a Motion For Post-Conviction Collateral Relief, again pursuant to the Post-Conviction Relief Act, section 99-39-1, et seq. Mississippi Code, arguing that his mandatory sentence of ten (10) years based on the habitual criminal portion of the indictment, was invalid because said portion did not conform to article 6, section 169 of the Mississippi Constitution. The trial court again denied Bryant's motion based on the **Brandau** holding, and in the order dated May 16, 1996, the court further noted that this subsequent filing alleged matters set forth in petitioners initial filing, and as such, further filings on the matter would merit a charge of contempt of court. It is from the order of May 16, 1996, that Bryant appeals. Bryant challenges the subject matter jurisdiction of the trial court in sentencing him to a ten (10) year mandatory sentence and the trial court's rendering of a mandatory sentence based on its finding that Bryant was a habitual criminal.

## I.

### WHETHER THE TRIAL COURT HAD SUBJECT MATTER JURISDICTION?

Bryant argues that the trial court did not have subject matter jurisdiction to sentence him to a mandatory ten (10) years. Subject matter jurisdiction concerns the power belonging to a court allowing it to hear and determine a certain class of cases. Subject matter jurisdiction, unlike territorial jurisdiction, may not be waived by parties to a suit, and thus a challenge thereto may be raised at any time, directly or collaterally. **Duvall v. Duvall**, 224 Miss. 546, 552, 80 So. 2d 752, 754 (1955). This case has been appealed from the Circuit Court of Lowndes County. Article 6, section 156 of the Mississippi Constitution provides that "[t]he circuit court shall have original jurisdiction in all matters civil and criminal in this state not vested by this Constitution in some other court, and such appellate jurisdiction as shall be prescribed by law." The Circuit Court of Lowndes County clearly has jurisdiction in matters of a criminal nature. Therefore, in this criminal suit, Bryant's challenge to the trial court's subject matter jurisdiction is without merit.

## II.

### WHETHER THE TRIAL COURT ERRED IN RENDERING A MANDATORY SENTENCE

## BASED ON THE HABITUAL CRIMINAL STATUTE?

The remaining issues raised in Appellant's Brief are couched in Bryant's challenge to the trial court's finding that he was a habitual offender which required a sentence rendered pursuant to section 99-19-81 of the Mississippi Code. Section 99-19-81 provides that:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, *shall be sentenced to the maximum of term imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.*

Miss. Code Ann. § 99-19-81 (1994) (emphasis added). Bryant challenges the portion of the indictment which sets forth his prior criminal convictions and establishes his habitual offender status based on the fact that it was not in accord with the mandates of the Mississippi Constitution. Article 6, section 169 of the Mississippi Constitution states, "[t]he style of all process shall be 'The State of Mississippi,' and all prosecutions shall be carried on in the name and by authority of the 'State of Mississippi,' and all indictments shall conclude 'against the peace and dignity of the state.'" Bryant cites this Court's holding in *McNeal v. State*, 658 So. 2d 1345 (Miss. 1995), as support for his argument.

In *McNeal v. State*, the defendant was convicted as a habitual offender for burglary. The portion of the indictment which established his habitual offender status was subsequent to the words "against the peace and dignity of the state" which concluded the charging portion. *Id.* at 1349. This Court held that the clarity of the Constitution in this matter could not be disregarded. The Court held that the words in article 6, section 169, criminal indictments must *"conclude* 'against the peace and dignity of the state,'" were conclusive and that the indictment, as a constitutionally legal document, concluded prior to the evidence of past criminal convictions. *Id.* at 1350. The Court therefore vacated the trial court's finding of habitual criminal status, allowing the defendant to avoid a mandatory sentence by making him eligible for parole. *Id.*

In this case, however, the State argues that Bryant's motion for post conviction relief was barred as a successive petition and, therefore, the trial court was correct in denying the motion. Section 99-39-23 (6) of the Post-Conviction Relief Act states in relevant part, "[t]he order as provided in subsection (5) of this section or any order dismissing the prisoner's motion or otherwise denying relief under this chapter is a final judgment and shall be conclusive until reversed. *It shall be a bar to a second or successive motion under this chapter.*" Miss. Code Ann. § 99-39-23 (6) . (Supp. 1996) (emphasis added). In light of this statute, this Court addressed a similar situation in *Grubb v. State*, 584 So. 2d 786 (Miss. 1991). In *Grubb v. State,* the defendant pleaded guilty to kidnapping on January 23, 1989. *Id.* at 787. On June 14, 1989, the defendant filed a motion for post-conviction relief which the trial court denied. *Id.* Then on December 14, 1989, the defendant filed a Petition of *Habeas Corpus* which the trial judge dismissed as a successive writ for post-conviction relief. *Id.* at 788. It was from the second dismissal of his motions for post-conviction relief that the defendant brought his appeal. *Id*. This Court, relying on section 99-39-23(6), found that since the defendant had not appealed the denial of his first motion, the first motion was a final judgment, and conclusive until reversed, barring

the defendant's second motion as successive. *Id.* at 788-89.

Since both of Bryant's post-conviction motions were filed pursuant to the Post-Conviction Relief Act, without the first motion being reversed, the first motion is conclusive and bars the second motion as successive. Miss. Code Ann. § 99-39-23(6) (Supp. 1996). Therefore, the trial court properly denied the second motion and the procedural bar prevents consideration of the motion's merits.

In addition, this motion is procedurally barred since the issue was not raised at trial and/or on direct appeal, and therefore, it was waived and may not be considered collaterally in a post-conviction environment. *Smith v. State*, 477 So. 2d 191, 195 (Miss. 1985). Furthermore, when considering the exceptions to this general rule, Bryant has not shown that this case falls within an exception which would overcome the procedural bar.

## CONCLUSION

Bryant's January 18, 1996, motion for post-conviction relief had not been reversed and was therefore conclusive. Bryant's February 13, 1996, motion for post-conviction relief was a successive petition and was thus not allowed by section 99-39-23 (6) of the Mississippi Code. Therefore, the trial court properly denied Bryant's motion of February 13, 1996 and the judgment below is affirmed.

**LOWER COURT'S DENIAL OF POST CONVICTION COLLATERAL RELIEF AFFIRMED.**

**LEE, C.J., PRATHER, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**