IN THE SUPREME COURT OF MISSISSIPPI
NO. 1999-KA-01666-SCT

*WILLIE LEE WILLIAMS a/k/a "BLACK BILL"*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/28/1999 |
| TRIAL JUDGE: | HON. R. I. PRICHARD, III |
| COURT FROM WHICH APPEALED: | MARION COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | HALDON J. KITTRELL |
| | VICKI LACHNEY GILLIAM |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JOHN R. HENRY, JR. |
| DISTRICT ATTORNEY: | RICHARD LAWRENCE DOUGLASS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 6/28/2001 |
| MOTION FOR REHEARING FILED: | 7/9/2001; denied 9/13/2001 |
| MANDATE ISSUED: | 9/20/2001 |

**EN BANC.**

**BANKS, PRESIDING JUSTICE, FOR THE COURT:**

¶1. This case is before this Court on appeal from a judgment based on a jury verdict convicting Willie Lee Williams a/k/a Black Bill for possession of cocaine with the intent to distribute, as a habitual offender. Because we conclude that the trial judge improperly applied the sentence enhancement for a sale of a controlled substance within 1,500 feet of a school, we reverse and remand for resentencing without the enhancement. In all other respects, we affirm the judgment of the trial court.

**I.**

¶2. The Grand Jury for Marion County, Mississippi, indicted Willie Lee Williams, a/k/a "Black Bill", ("Williams"), for the felony offense of sale or transfer of a controlled substance within 1500 feet of a school, pursuant to Miss. Code Ann. § § 41-29-139, 41-29-142, & 41-29-147. This indictment was amended on August 27, 1999, to charge Williams as a habitual offender pursuant to Miss. Code Ann. § 99-19-81 (Supp. 1996).

¶3. Commander Mike Cooper ("Cooper") and undercover agent Donna Davis ("Agent Davis"), along with the members of the Pearl River Basin Narcotics Task Force, participated in a planned drug purchase.

Commander Cooper issued $20 to Agent Davis and placed a transmitter on her body. The Task Force equipped her vehicle with a video recorder camera, an eight-millimeter recorder, and an audio transmitter for the purpose of monitoring the transaction.

¶4. After being flagged down by Williams, Agent Davis and Williams negotiated for the sale of crack cocaine. Williams agreed to sell a rock of cocaine, along with small "crumbs" of another rock, to Agent Davis for $20. Agent Davis then returned to a predetermined location where the rest of the Task Force members were waiting. After placing the crack in a bag, Agent Davis sealed and initialed the bag. Davis then turned over the audio and video recording and proceeded to describe the sale, and Williams, to the other agents. The Task Force arrested Williams on a later date, but never recovered the money exchanged during the transaction.

¶5. At trial, Commander Cooper testified that he placed the sealed bag of cocaine in the evidence locker. Later, he retrieved the alleged cocaine and gave it to another agent with the Task Force to deliver to the crime lab for testing. At the crime lab Tim Gross, a forensic scientist and expert in the field of drug identification, obtained the alleged cocaine from Sharon Denoux, a forensic lab technician. After testing the rock in the bag and concluding that it was cocaine, he returned the package to the technician to place in the evidence vault. Cooper retrieved the cocaine from the crime lab and placed it back in the Task Force's evidence locker until the morning of the trial.

¶6. At the close of the proceedings, Williams moved for a directed verdict which was overruled. After deliberating, the jury returned with a verdict of guilty. The trial court sentenced Williams as a habitual offender, to serve a term of 120 years, without parole or possibility of early release, in custody of the Mississippi Department of Corrections. Following the denial of his motion for a new trial and/or JNOV, Williams filed a timely notice of appeal to this Court.

## II.

¶7. The standard of review for a denial of directed verdict and JNOV is identical. ***Coleman v. State,*** 697 So.2d 777, 787 (Miss. 1997). When reviewing the sufficiency of the evidence, this Court looks to all of the evidence before the jurors to determine whether a reasonable, hypothetical juror could find, beyond a reasonable doubt, that the defendant is guilty. ***Jackson v. State***, 614 So.2d, 965, 972 (Miss. 1993). This Court will not reverse a trial judge's denial of a motion for a new trial unless the verdict is so contrary to the weight of the evidence that, if it is allowed to stand, it would sanction an unconscionable injustice. ***Groseclose v. State,*** 440 So.2d 297, 300 (Miss. 1983).

### a.

¶8. At trial, Williams argued that the peremptory challenges exercised by the prosecutor against two African-Americans raised an inference or pattern of discrimination against minority venirepersons. The trial court denied this motion stating that Williams failed to identify a ***Batson*** prima facie case; thus, the State was not required to provide race-neutral reasons for its peremptory challenges. *See **Batson v. Kentucky***, 476 U.S. 79, 96, 106 S. Ct. 1712, 90 L.Ed.2d 69 (1986).

¶9. This Court has noted that the pivotal question in ***Batson*** becomes whether the opponent of the strike has met the burden of showing that the opposite party has engaged in a pattern of strikes based on race or gender. ***Randall v. State***, 716 So. 2d 584, 586 (Miss. 1998). Here, the challenges exercised by the

prosecutor do not suggest a pattern or raise an inference of discrimination. Only two out of the State's six peremptory challenges were against African-Americans, while the other four challenges were against Caucasians. The State accepted two other African-American venirepersons. The trial court was not in error in holding that Williams did not establish a prima facie case under **Batson.**

**b.**

¶10. Williams contends that the trial court erroneously allowed the introduction of the cocaine without establishing the proper chain of custody because Sharon Denoux, a lab technician, did not testify. Williams acknowledges that the test of whether there has been a proper showing of the chain of possession of evidence is whether there is any reasonable inference of likely tampering with or substitution of evidence. **White v. State**, 722 So.2d 1242, 1244 (Miss. 1998); **Gibson v. State**, 503 So.2d 230, 234 (Miss. 1987). Further, the burden to produce evidence of a broken chain of custody is on the defendant. **Hemphill v. State**, 566 So.2d 207, 208 (Miss. 1990).

¶11. Williams argues that he raised the inference of possible tampering with evidence on the cross-examination of witnesses, where he questioned the differences in the amount of cocaine in question. Specifically, Williams points to the testimony of Agent Davis in which she stated that Williams gave her a "rock and a half" and to her identification, at trial, of Exhibit 1 as a single rock of cocaine that she purchased from him.

¶12. The significance of issues regarding the chain of custody are largely left to the discretion of the trial judge. **Sturdivant v. State**, 745 So.2d 240, 243 (Miss. 1999). We have held that unless this discretion has been abused, this Court will not reverse. **Doby v. State**, 532 So.2d 584, 588 (Miss. 1988).

¶13. In the instant case, Williams's focus on the alleged discrepancy in the testimony of Agent Davis does not raise a reasonable inference of tampering or substitution of evidence. The cocaine tested in the crime lab was established to be the cocaine placed in the evidence bag and locker by Agent Davis and subsequently transported to the crime lab. Agent Davis's testimony consistently supports her first statement that Williams gave her a "rock and some crumbs." That the crumbs may be unaccounted for does not raise a reasonable inference of tampering or substitution of evidence. Moreover, Williams fails to produce evidence of a broken chain of custody.

¶14. Agent Davis and Cooper testified that they placed the cocaine in the evidence bag, then sealed and initialed the bag. Cooper further testified that he placed the sealed bag in a evidence locker until he had an Agent Miller deliver the bag to the crime lab. Tim Gross retrieved the sealed bag containing the cocaine from a Sharon Denoux and completed an analysis of the substance, sealed the bag, and returned it to Denoux. After picking up the bag from the lab, Cooper placed the evidence back in the evidence locker. Subsequently, Cooper retrieved the bag in order to bring it to court.

¶15. Williams alleges the missing testimony of Denoux is a "crucial link" in the chain of custody for the State. The consistent testimony of the Agents and Gross, however, was that the cocaine was placed and retrieved from a sealed evidence bag. There is no testimony that raises a reasonable inference that any of the five individuals handling the bag tampered with the cocaine. The trial court did not abuse its discretion by allowing evidence of the crack cocaine without Denoux's testimony.

**c.**

**1.**

¶16. Williams argues that this Court, according to its prior rulings, must look at the totality of the circumstances to decide whether the evidence on the record is sufficient to sustain a finding adverse to the defendant on each element. *Wetz v. State*, 503 So.2d 803, 808 (Miss. 1987). At trial, the jury instructions charged the jury with deciding whether Williams was guilty of "willfully, unlawfully, feloniously and knowingly, selling or transferring cocaine within 1,500 feet of school. Williams asserts that the State failed to prove the necessary elements of a sale or transfer of cocaine within 1,500 feet of a school. Moreover, Williams maintains that since the enhancement for selling within 1,500 feet of a school was made a part of the elements of his crime, the entire conviction should be reversed for failure to prove the element of "1,500 hundred feet within a school."[1]

¶17. The State contends that Williams was charged with the crime of selling and transferring cocaine in the indictment, not with the crime of selling cocaine within 1,500 feet of a school. The State charges that the indictment notified Williams that it was seeking an enhanced sentence because the crime -- selling and transferring cocaine -- occurred within 1,500 feet of a school. Further, § 41-29-142, the statute in question, the State observes, is only applicable when an individual sells or transfers drugs and does so within 1,500 feet of a school building or within 1,000 feet of the property line of a school.

¶18. The State admits "to being perplexed as to why the instructions given to the jury called for them to consider and determine whether the sale at bar occurred within 1,500 feet of a school." Instead, the State argues, the jury only had to consider the crime of sale or transfer of a controlled substance, not whether or not the sale occurred within 1,500 feet of a school or church, because that issue is not an element of the crime. Further, although Williams asserted a number of reasons for granting a directed verdict, or JNOV, the State contends, he never argued that the State failed to prove that he sold the cocaine within 1,500 feet of a school or within 1,000 feet of the property line upon which the school stood.[2] Thus, this issue is waived and is not properly before the Court. *Ellis v. State*, 469 So.2d 1256, 1260 (Miss. 1985).

¶19. In an appeal from the denial of a motion for JNOV, the sufficiency of the evidence as a matter of law is viewed and tested in the light most favorable to the State. *Tait v. State*, 669 So.2d 85, 88 (Miss. 1996); *Smith v. State*, 646 So.2d 538, 542 (Miss. 1994); *May v. State*; 460 So.2d 778, 781 (Miss. 1984); *Glass v. State*, 278 So.2d 384, 386 (Miss. 1973).

¶20. In reviewing the record, the Grand Jury's indictment of Williams clearly states that Williams is charged with selling a controlled substance in violation of Miss. Code Ann. § 41-29-139(a)(1). The indictment also states that Williams is subject to two enhanced penalties: Section 41-29-142, for selling within 1,500 feet of a school or church building or within 1,000 feet from its property and § 41-29-147, for being a second and subsequent offender.

¶21. Here, a reasonable juror viewing evidence of the transaction and taking it in the light most favorable to the State, could find beyond a reasonable doubt that the drug transaction between Williams and Agent Davis occurred. The evidence of the video and audio tape indicate that Williams and Agent Davis negotiated the sale of crack cocaine. Agent Davis identified Williams as the person who sold her the cocaine. The cocaine, which was subsequently tested, was shown to be the cocaine obtained from Williams on the night of the operation. Indeed, the evidence supports the verdict of guilty.

**2.**

¶22. Williams also argues that the evidence is insufficient to show that the transaction occurred within 1,500 feet of the school. The State asserts the issue is procedurally barred because Williams did not raise it at trial. The State notes, and the record reflects, that Williams asserted several objections in his motion for directed verdict and JNOV but that Williams never objected to the sufficiency of proof regarding whether the transaction occurred within 1,500 feet of the school or 1,000 feet of the property comprising the school.

¶23. This Court has held that a party who fails to make a contemporaneous objection at trial must rely on plain error to raise the issue on appeal, because it is otherwise procedurally barred. *Foster v. State*, 639 So.2d 1263, 1288-89 (Miss. 1994). The plain error doctrine requires that there be an error and that the error must have resulted in a manifest miscarriage of justice. *Gray v. State*, 549 So.2d 1316, 1321 (Miss. 1989). Further, this Court applies the plain error rule only when it affects a defendant's substantive/fundamental rights. *Grubb v. State,* 584 So.2d 786, 789 (Miss. 1991).

¶24. In this case, the trial court sentenced Williams to one hundred and twenty (120) years. Williams has a fundamental right not to have his sentence enhanced based on ambiguous and elusive testimony. "The plain error doctrine has been construed to include anything that 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Olano*, 507 U.S. 725, 732, 113 S. Ct. 1770, 123 L.Ed.2d 508 (1993).

¶25. The testimony of Agent Davis, regarding the distance of the transaction from the school, does not support the sentence enhancement. Agent Davis, in her testimony, asserted that the transaction occurred one thousand one hundred and five (1,105) feet from the corner of Jefferson Middle School:

> MR. BURDICK: Do you know the distance between the point of purchase and Jefferson Middle School?
>
> OFFICER DAVIS: Yes, sir. We measured that this morning. It had previously been measured, but Agent Miller- Sergeant Miller and I went back this morning and I rechecked it. I think it was 1,105 feet.
>
> Q.: One thousand one hundred and five feet?
>
> A.: Yes, sir?
>
> Q.: And that's from point of sale to Jefferson Middle School?
>
> A.: **To the corner of the property, yes, sir.**

(emphasis added).

¶26. Miss. Code Ann. § 41-29-142 specifically denotes measuring points for the enhancement to be applicable, in relevant part:

> Any person who violates or conspires to violate Section 41-29-139(1)...in or on, or within **one thousand five hundred (1,500) feet of a building or outbuilding . . .or within one thousand (1, 000) feet of the real property comprising** . . . .

(emphasis added).

¶27. Thus, Section 41-29-142 indicates that there are two alternative requirements in order for a sentence to be enhanced. In the instant case, it is not clear from the testimony whether Williams's transaction occurred within 1,500 feet of a building on the school property or 1,000 feet from the school's property. The testimony offered is imprecise and fails to prove the transaction occurred within either of the distances provided by the statute. Because the measuring point is not established, the proof fails. Thus, the sentence enhancement is not applicable.

¶28. This Court has held that a finding of plain error is necessary when a party's fundamental rights are affected. *Grubb v. State*, 584 So.2d at 789. This Court has found plain error in failing to instruct the jury properly and failing to properly evaluate evidentiary matters. *Berry v. State*, 728 So.2d 568, 570 (Miss. 1999)(finding plain error because failure to fully instruct the jury on the elements of the crime infringes on the fundamental rights of a defendant); *Signer v. State*, 536 So.2d 10, 12 (Miss. 1988) (plain error when the trial judge failed to make threshold finding as required under Miss. Rule of Evid. 609(a)(1), that the probative value of admitting evidence of the appellant's prior convictions outweighed the prejudicial effect on the appellant.) Just as providing proper jury instructions and correctly weighing evidence affect fundamental rights, basing a sentence enhancement on insufficient evidence affects an individual's fundamental rights.

¶29. The sentence imposed by the judgment must be reversed and this case remanded for resentencing without the § 41-29-142 sentence enhancement.

**d.**

¶30. Williams contends that his sentence is unconstitutionally harsh. We have held that a sentence that does not exceed the maximum period allowed by statute will not be disturbed on appeal. *White v. State*, 742 So.2d 1126, 1135 (Miss. 1999) (citing *Wallace v. State*, 607 So.2d 1184, 1188 (Miss. 1992)). A sentence that is grossly disproportionate to the crime committed is subject to attack on Eighth Amendment grounds. *Id.*

¶31. In *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), the U.S. Supreme Court articulated a three-prong test for evaluating proportionality. The elements include:

(1) The gravity of the offense and the harshness of the penalty;

(2) Comparison of the sentence with sentences imposed on other criminals in the same jurisdiction; and

(3) Comparison of sentences imposed in other jurisdictions for commission of the same crime with the sentence imposed in this case.

*Solem*, 463 U.S. at 292, 103 S.Ct. at 3011. This Court has adopted the *Solem* test in several cases. *See White*, 742 So.2d at 1135; *Stromas*, 618 So.2d 116, 122-23 (Miss. 1993); *Wallace*, 607 So.2d at 1188.

¶32. Williams argues that the court misapplied the enhanced sentencing statutes and that the sentence is grossly disproportionate to the crime committed. Williams also re-emphasizes that the record does not support an enhancement for selling within 1,500 feet of a school building. Further, Williams contends, after doubling the sentence for selling within 1,500 feet of a school, the court erred in doubling his sentence to

120 years for his being a second and subsequent offender. He maintains that the language of Miss. Code Ann. § 41-29-147 does not intend for a "doubling of the 'double sentence' called for in § 142." Thus, the true intent of the exception, Williams alleges, is to clearly "except situations already enhanced by Miss. Code Ann. § 41-29-142."

¶33. Williams also alleges that the sentence of 120 years for the sale of $20 of cocaine is tantamount to a life sentence in prison. The sentence is disproportionate to the crime and is, therefore, cruel and unusual punishment under the *Solemn* analysis.

¶34. The State asserts that the trial judge correctly implemented the sentencing statutes. The State contends that the language "except as otherwise provided in § 41-29-142," is intended to ensure that the enhancing of a sentence under § 41-29-142 is an authorized sentence when a sale occurs near a school and would not be hindered by anything in § 41-29-147.

¶35. Upon conviction for the sale of cocaine, a person may be sentenced to "not more than 30 years...." Miss. Code Ann. § 41-29-139(b)(1) (1993). Mississippi law provides a sentence for sale of cocaine may be enhanced under four enhancement statutes:

§ 41-29-142 (1993) (providing for discretionary sentencing of up to twice that authorized for sale of controlled substances within certain distances of schools, churches, and other public buildings and locations);

§ 41-29-147 (1993) (providing for discretionary sentencing to term and/or fine of up to twice that authorized for second or subsequent drug conviction)

§ 99-19-81 (1994) (providing for mandatory maximum sentence without parole or probation for offenders who have been convicted twice previously of any felony or federal crime and who have been sentenced to separate terms of one year or more, and

§ 99-18-83 (1994) (providing for mandatory life sentence without parole or probation for offenders convicted twice previously of any felony or federal crime who have been sentenced to separate terms of one of year or more where any one of such felonies was a crime of violence.)

¶36. In the present case, Williams was convicted for the sale of cocaine under § 41-29-132 and sentenced to thirty (30) years. This sentence was enhanced to sixty (60) years by § 41-29-142, because the sale occurred near a school. Because Williams was a second and subsequent offender the sixty (60) year sentence was again doubled to one hundred and twenty (120) years pursuant to § 41-29-147. Next, the judge applying § 99-19-81, sentenced Williams to the 120 years without a possibility of parole or early release.

¶37. Arguing that *Davis v. State*, 724 So.2d 342, 343-46 (Miss. 1998) is analogous to the instant case, Williams asserts that his sentence is grossly disproportionate to selling one rock and a crumb of cocaine. In *Davis*, the defendant received a sixty-year sentence for selling two rocks of crack cocaine within 1500 feet of a church. *Id.* at 344. This Court remanded for resentencing, finding that there was insufficient evidence in the record to support the maximum sentence allowable under the statute. *Id.* at 345.

¶38. The case at hand is distinguishable from *Davis.* In *Davis*, this Court found it relevant that the record did not indicate anything about prior offenses or the nature or punishments given for the offenses. *Id.* at

344. This Court also found that, even though there was some discussion of prior offenses, the defendant was not tried as a repeat offender significant in remanding for resentencing. *Id.* Further, the Court noted that the record did not provide any explanation for the sentence or presentencing investigation. *Id.*

¶39. Here, the trial court held a bifurcated hearing to determine whether Williams was a second and subsequent and habitual offender before applying the enhancement statute. The State entered into evidence copies of three orders of conviction against Williams. Further, the court noted Williams's prior conviction of a schedule-two controlled substance as a habitual offender in 1993. Excluding the argument, *supra,* concerning the application of § 41-29-142, it is not apparent that the trial court misapplied the enhancement statutes in sentencing. Even though this sentence is extremely lengthy, it does not exceed the maximum sentence allowed by statute. Therefore, we find that the trial court did not abuse its discretion in sentencing Williams to the maximum without possibility of parole or early release.

### III.

¶40. For the foregoing reasons, we affirm the judgment of the circuit court in all respects except the application of § 41-29-142 to the sentence. We reverse the sentence imposed by the judgment and remand for resentencing without the § 41-29-142 enhancement.

¶41. **AFFIRMED IN PART; REVERSED IN PART AND REMANDED FOR RESENTENCING.**

**McRAE, P.J., MILLS, WALLER, COBB AND DIAZ, JJ., CONCUR. SMITH, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY PITTMAN, C.J., AND EASLEY, J.**

**SMITH, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶42. I concur in the affirmance of Williams's conviction. However, I respectfully dissent from the reversal of the sentence enhancement based upon Miss.Code Ann. § 41-29-142. The majority states that the trial court committed plain error when it was unclear in its jury instructions regarding Miss. Code Ann. § 41-29-142. The majority reasons that because apparent conflicting testimony was given at trial by the State's witness regarding the distance from where Williams sold the crack cocaine and his proximity to Jefferson Middle School, that pursuant to the sentence enhancing statute, Williams's actions did not fall within the statute and his fundamental rights were affected in that he would be sentenced to 120 years in prison without parole. Furthermore, because the majority applies the plain error doctrine, it holds that Williams is not procedurally barred from raising this sentence enhancing issue before this Court. *See Foster v. State*, 639 So.2d 1263, 1288-89 (Miss. 1994).

¶43. Williams is, in fact, procedurally barred from raising this sentence enhancing issue before this Court. Williams never raised this issue in his motion for directed verdict. Therefore, he waived the issue. *Ellis v. State*, 469 So.2d 1256, 1260 (Miss. 1985).

¶44. The majority allows this issue to come before the Court because the majority concludes that the circuit court committed plain error, and even though an issue may be procedurally barred on appeal, it may be resurrected before this Court on appeal if plain error is found. The majority recognizes that the plain error doctrine applies when an error occurs and that error results in a miscarriage of justice. *Gray v. State*, 549 So.2d 1316, 1321 (Miss. 1989). Also, the majority recognizes that the doctrine applies when an

individual's substantive, or fundamental rights have been affected. ***Grubb v. State***, 584 So.2d 786, 789 (Miss. 1991). While I also recognize these holdings of this Court, when the law is applied to the facts of the case at bar, there is no miscarriage of justice. Likewise, Williams's fundamental rights have not been affected.

¶45. Miss. Code Ann. § 41-29-142 sets forth two measuring points that enhance a convicted person's sentence. The points are "within one thousand five hundred feet (1,500)" of the school building, or "within one thousand feet (1,000)" of the school's real property. The majority states that the investigating officer's testimony was imprecise, and as such, the prosecution failed to prove either distance fell within the statute. In the case, the officer testified that the drug transaction occurred 1,105 feet from the corner of the property of Jefferson Middle School. Whether the 1,105 feet was measured from the building itself or from the school property line is what the majority purports to be imprecise, ambiguous, and elusive, and states this as plain error. However, the measurements taken by the officer fall squarely within the sentence enhancing statute, and the court did not commit plain error when it based its sentence on the statute. The jury weighed the testimony and evidence given by the officer, determined that Williams's drug sale took place within either 1,500 feet of the school building or 1,000 feet of the school property, and decided beyond a reasonable doubt that Williams's actions fell squarely within the controlled substances act and the sentence enhancing statute.

¶46. Additionally, I understand that the jury received instructions regarding the 1,500 feet distance, but it did not receive instructions regarding the 1,000 feet distance pursuant to the statute. Because of this, the majority claims that the trial court committed plain error. *See* ***Berry v. State***, 728 So.2d 568, 570 (Miss. 1999). However, in ***Berry*** this Court found plain error when the trial court failed to instruct the jury on the elements of a crime. That is not the case here. The jury determined, and the prosecution sufficiently proved, that Williams violated the controlled substances act. Any error here is harmless error, not plain error as the majority suggests.

¶47. There was no miscarriage of justice, and Williams's fundamental rights were not affected when the court found him guilty and sentenced him according to the sentence enhancing statute. The jury considered all issues, including whether or not Williams sold his cocaine within statutory distances of the school. As such, Williams should be procedurally barred from raising this issue to this Court. I respectfully dissent.

**PITTMAN, C.J., AND EASLEY, J., JOINS THIS OPINION.**

1. Williams analogizes these elements to the "DUI third" offense or felony DUI cases where the first and second DUI convictions are enhancements used as elements of the DUI third conviction. He explains, like elements of DUI third, that when an enhancement is made a part of the crime itself, a failure to prove the enhancement constitutes a failure to satisfy the elements of the conviction.

2. The record indicates that in moving for a directed verdict counsel for Williams argued: 1) discrepancies concerning the quantity of cocaine sold; 2) the videotape of the transaction did not show an exchange of money or cocaine; 3) Agent Davis's inconsistent statement about whether the transaction occurred on Owens Street or Short Owens Street. The motion for JNOV alleged the court erred 1) because sentencing Williams to 120 years constituted cruel and inhuman punishment; 2) in finding that a prima facie case of discriminatory peremptory challenges did not exist; 3) in determining chain of custody was established; 4) in overruling the objection of defense counsel in striking a venireperson for cause; 5) in denial of Williams's jury instruction and the prosecution's failure to prove the sale or transfer of a controlled substance because

there was no proof of any exchange of money or cocaine; 6) in overruling the objection to the double enhancement for being a subsequent and habitual offender; 6) in allowing evidence of cumulative audio and video tape; 7) in denying defendant's motion to dismiss for failure to produce the United States currency; and 8) in granting the State's motion to amend its indictment to reflect a habitual offender filed on August 26, 1999.