CHANDLER, J.,
for the Court:
¶ 1. Clyde Rue pled guilty to sale of cocaine while he was on parole for two prior cocaine-related convictions. His parole was revoked, and the Lauderdale County Circuit Court sentenced him to twenty years imprisonment. The trial court ordered that sentence run consecutively to the unexpired portions of the concurrent sentences imposed in the previous drug convictions. Rue filed a habeas corpus petition which the trial court summarily denied. Aggrieved, Rue appeals on grounds which we summarize as follows: (1) whether he should have been given credit for the time he served on parole; (2) whether he should have been informed of the parole board’s discretionary power to “set a minimum term where the sentencing judge had not done so”; (3) whether the trial court erred in ordering that his sentence run consecutively to the sentences imposed on the previous drug convictions; *910 (4) whether the appellate process of the current appeal is ineffective; and, (5) whether he was denied effective assistance of counsel. Finding no error, we affirm.
FACTS
¶ 2. Clyde Rue pled guilty to one count of sale of cocaine and one count of possession of cocaine with intent to distribute in August 1989. The trial court sentenced Rue to twenty years imprisonment on each count and ran the sentences concurrently. The parole board paroled Rue in December 1993. Rue was again caught selling cocaine in November 1996 and his parole was revoked. He pled guilty and the trial court again imposed a twenty year sentence of imprisonment. The trial court ordered Rue’s sentence to run consecutively with the unexpired portions of his previous sentences. Rue petitioned the trial court for habeas corpus relief.[1] The only error Rue alleged in his petition was that the trial court failed to reduce the sentences imposed for his 1989 convictions by the amount of time he was out on parole.
LAW AND ANALYSIS
¶ 3. Of the issues Rue raised in his appeal to this Court, only the issue regarding credit for his time on parole was raised in his petition for post-conviction relief. Since this is the first time Rue raised the other issues, they are procedurally barred and we will not review them. See e.g. Pace v. State, 770 So.2d 1052 (¶ 5) (Miss.Ct.App.2000).
¶ 4. Rue’s remaining issue is without merit. He complains that the trial judge should have reduced his sentences for his prior drug convictions by the amount of time he was out on parole. He is wrong. When the parole board revokes an offender’s parole, Mississippi law requires that:
[T]he offender shall serve the remainder of the sentence originally imposed unless at a later date the board shall think it expedient to grant the offender a second parole. In case a second parole shall not be granted, then the offender shall serve the remainder of the sentence originally imposed, 'and the time the offender was out on parole shall not be taken into account to diminish the time for which he was sentenced.
Miss.Code Ann. § 47-7-27 (Rev.2000) (emphasis added). This statute, judicially sanctioned in Segarra v. State, 430 So.2d 408, 412 (Miss.1983), clearly supports the trial court’s summary dismissal of Rue’s petition.
115. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT DENYING APPELLANT'S PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. COSTS ARE ASSESSED TO LAUDERDALE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING AND MYERS, JJ., CONCUR.

. The Post Conviction Collateral Relief Act effectively supplanted the prior statutory and rule versions of the habeas corpus writ. Grubb v. State, 584 So.2d 786, 788 (Miss.1991). We thus treat Rue's habeas corpus petition as one for post-conviction relief filed pursuant to the Act. Id.