CARLSON, Presiding Justice,
specially concurring:
¶ 15. The Court of Appeals held that, because Lafayette failed to object contemporaneously to the trial judge’s comments and did not raise the issue in his motion for judgment notwithstanding the verdict, the issue was waived on appeal. Lafayette v. State, 90 So.3d 1246 (¶ 16) (Miss.Ct.App. 2011). The Court of Appeals also held that, regardless of the waiver issue, the trial judge’s comments, combined with the proper Sharplin instruction, did not constitute reversible error. Id. (citing Sharplin v. State, 330 So.2d 591, 596 (Miss.1976)). The majority disagrees on both points, holding that Lafayette’s conviction and sentence must be reversed and this case remanded for a new trial. I agree, but I write separately to expand the discussion of the plain-error doctrine.
¶ 16. The trial judge improperly instructed the jury when he deviated from the approved Sharplin instruction by telling the members of the jury that if they could not reach a unanimous verdict, he would have to call in another jury that “hopefully [would] be reasonable and fair,” but that he hoped to avoid doing that due to the added expense that the county would incur for another trial. The judge then gave the approved Sharplin instruction. Based on this Court’s precedent that such a deviation from Sharplin amounts to reversible error, the majority reverses and remands for a new trial. Even though *1220 Lafayette failed to object contemporaneously to the trial judge’s comments, this Court can reverse the conviction under the “plain-error” doctrine. (Maj. Op. ¶ 9).
¶ 17. I believe the majority’s application of the “plain-error” doctrine is correct. Although the defendant should have objected at trial, he can rely on the plain-error rule to raise the unpreserved argument on appeal. Flora v. State, 925 So.2d 797, 811 (Miss.2006) (citing Foster v. State, 639 So.2d 1263, 1289 (Miss.1994)). Further, the plain-error doctrine allows this Court to address an issue that was not raised at trial or in post-trial motions, or even brought to this Court’s attention on appeal. Grubb v. State, 584 So.2d 786, 789 (Miss.1991); Gray v. State, 549 So.2d 1316, 1321 (Miss.1989); Miss. R. Evid. 103(d) (“Nothing in this rule precludes taking notice of plain errors affecting substantial rights although they were not brought to the attention of the [C]ourt.”). “It has been established that where fundamental rights are violated, procedural rules give way to prevent a miscarriage of justice.” Gray, 549 So.2d at 1321. This Court employs the plain-error rule only “when a defendant’s substantive or fundamental rights are affected.” Flora, 925 So.2d at 811 (citing Grubb, 584 So.2d at 789).
¶ 18. “The plain error doctrine requires that there be an error and that the error must have resulted in a manifest miscarriage of justice.” Flora, 925 So.2d at 811. To determine if plain error has occurred, this Court must determine “if the trial court has deviated from a legal rule, whether that error is plain, clear[,] or obvious, and whether the error has prejudiced the outcome of the trial.” McGee v. State, 953 So.2d 211, 215 (Miss.2007) (quoting Cox v. State, 793 So.2d 591, 597 (Miss. 2001) (relying on Grubb, 584 So.2d at 789)). In this case, the trial judge clearly deviated from the legal rule regarding additional instructions given to deadlocked juries. The only approved instruction in that situation is the instruction set forth in Sharp-lin v. State. In Sharplin, this Court held that a “possibility of coercion ... lies in the trial judge’s conduct and comments after he receives the [jury’s numerical] division.” Sha'rplin, 330 So.2d at 596. This Court has “repeatedly reversed where our circuit courts have practiced verdict coercion in excess of that allowed in Sharplin.” Folk v. State, 576 So.2d 1243, 1251 (Miss.1991). See also Herrington v. State, 690 So.2d 1132, 1137-38 (Miss. 1997) (“This Court has for twenty years held that any deviation from the approved Sharplin charge is reversible error.... This unbroken line of cases represents a longstanding bright line rule for this Court.”); Brantley v. State, 610 So.2d 1139, 1142 (Miss.1992) (“... trial judge’s failure to follow the clear and unambiguous procedure for instructing a deadlocked jury as set forth in Edlin and Sharplin is clear error and commands reversal.”).
¶ 19. When the trial judge, prior to giving the approved Sharplin instruction, referred to the expense of another trial and to calling in another jury that “hopefully [would] be reasonable and fair,” he deviated from the rule set forth in Sharp-lin for instructing deadlocked juries. As a result of this deviation from the legal rule, Lafayette’s “substantive and fundamental rights” were affected. Therefore, this situation is ripe for application of the plain-error doctrine, and I agree with the majority that this case must be reversed and remanded for a new trial. Having offered my views on the plain-error doctrine, I fully concur with the majority opinion reversing Lafayette’s conviction and sen *1221 tence and remanding to the trial court for a new trial.
WALLER, C.J, DICKINSON, P.J., RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ, JOIN THIS OPINION.