KING, JUSTICE,
DISSENTING:
¶ 16. Because Williams’s sentence enhancement was illegal, I respectfully dissent from the majority’s finding that he waived sentencing by a jury and that his sentence was legal.
¶ 17. Procedural bars to PCR motions are inapplicable when errors affecting fundamental rights exist. Rowland v. State, 42 So.3d 503, 505-06 (Miss. 2010). Even where the court ultimately finds the sentence to be a legal one, an allegation that the petitioner is serving time under an illegal sentence suffices to defeat the procedural bars. See Ivy v. State, 731 So.2d 601, 603 (Miss. 1999); Kennedy v. State, 626 So.2d 103, 105 (Miss. 1993) (PCR claims are exempt from procedural bars “where it is clear from the record that the circuit court has exceeded its statutory authority in sentencing and fundamental constitutional rights may be involved”); Grubb v. State, 584 So.2d 786 (Miss. 1991).
¶ 18. Mississippi Code Section 99-19-355 provides the sentencing procedure for the enhancement that Williams received. Miss. Code Ann. § 99-19-355(1) (Rev. 2015). Section 99-19-355 provides that a separate sentencing proceeding, conducted by the trial judge before the trial jury, must be conducted to determine the sentence. Id.
*272 If trial by jury has been waived, or if the defendant pleaded guilty, the sentencing proceeding shall be conducted before a jury impaneled for that purpose. If the defendant enters a plea of guilty and waives trial by jury for the sentencing proceeding, the sentencing proceeding shall be conducted before the trial judge sitting without a jury.
Id. (emphases added). The statute requires, in no uncertain terms, that either a jury apply the sentence enhancement or the defendant waive trial by jury for the sentencing proceeding. Clearly, Williams was not sentenced to the enhancement by a jury. Nor did Williams waive the right to a trial by jury for sentencing. The record must illustrate that any waiver was knowing and voluntary. Chunn v. State, 669 So.2d 29 (Miss. 1996). The. record contains no waiver whatsoever of a trial by jury for the sentencing proceeding; indeed, the judge never mentioned to Williams that he would be entitled to a jury for the enhancement sentencing. The plea hearing included Williams and several other criminal defendants unrelated to Williams’s case, who were also pleading guilty to their respective crimes. In the group setting, the circuit court explained that each was waiving his or her right to a trial by jury for their crime or crimes, then asked each individually to confirm that he or she understood that he or she was waiving that right to a trial by jury for their crime or crimes. Williams' confirmed that he understood that he- was waiving the right to be tried by a jury for the crimes of burglary and aggravated assault. No indication exists that he understood and waived that he would have been allowed a sentencing jury for the sentence enhancement.
¶ 19. This Court has held that, where a sentence requires a jury determination, and a judge fixes that sentence without a jury, the sentence is illegal and is plain error. In Grubb, the defendant pled guilty under the kidnapping statute. Grubb, 584 So.2d at 789. The statute stated that a person convicted of kidnapping shall “be imprisoned for life ... if the punishment is so fixed by the jury in its verdict. If the jury fails to agree on fixing the penalty at imprisonment for life, the court shall fix .the penalty at not less than one (1) year nor more than thirty (30) years....” Id. (quoting Miss. Code Ann. § 97-3-53 (Supp. 1990)). Grubb pled guilty to kidnapping and the trial judge sentenced him to life imprisonment. Grubb, 584 So.2d at 789. The Court found that the trial judge only “had authority to fix the penalty at not less than one year nor more than thirty years in the state penitentiary under the statute.” Id. The Court found plain error that affected fundamental constitutional rights, since the sentence was not submitted to a jury. Id.; see also Luckett v. State, 582 So.2d 428 (Miss. 1991), overruled on other grounds by Bester v. State, 188 So.3d 526 (Miss. 2016) (where the law at the time was that only a jury could sentence a defendant to life imprisonment for rape, it was a denial of due process in sentencing for the trial judge to sentence the defendant to life imprisonment). Likewise in this case, only a jury had the authority to apply the enhancement in Section 99-19-355; the trial judge had no such authority. The enhancement portion of Williams’s sentence is therefore illegal and violates his due process rights in sentencing.
¶ 20. Because the enhancement portion of Williams’s sentence is illegal, I would reverse and - remand Williams’s twenty year sentence enhancement.
KITCHENS, J., JOINS THIS OPINION.